■ Harvey M. Lifset, as Receiver of Glenmont Equipment Co., Inc., Respondent v Western Pile Co., Inc., et al., Defendants, and S. G. Schimenti et al., Appellants. — Appeal from an order of the Supreme Court at Special Term (Weiss, J.), entered December 29, 1980 in Albany County, which denied defendants' motion for summary judgment. The present action is based on fraud allegedly commited by defendants on April 8, 1968 by altering the provisions of a contract entered into between Western Pile Company, Inc. (Western Pile) and the joint venture of Depot Construction Corporation — Barnaby Concrete Corporation (Depot — Barnaby) on August 29, 1966. Plaintiff was appointed received of Glenmont Equipment Company, Inc. (Glenmont), a 50% shareholder of Western Pile, in November of 1972. The instant action was instituted in February, 1980. Special Term denied defendants' motion for summary judgment on the ground that defendants were equitably estopped from asserting the defense of the Statute of Limitations because of a general waiver of the Statute of Limitations executed in May of 1977. This appeal ensued. Defendants contend that the alleged waiver agreement, as evidenced by a letter dated May 4, 1977 signed by the president of Depot Construction Corporation, did not contemplate any action on the contract in question and that the Statute of Limitations had already run at the time the letter was written. Plaintiff, on the other hand, maintains that the language of the letter is an explicit, unambiguous promise not to raise the defense of the Statute of Limitations. The pertinent portion of the letter reads as follows: "that all of Glenmont's rights against it with reference to their mutual interest in Western Pile, Inc., a corporation in which Depot and Glenmont are equal shareholders, are reserved, and upon presentation by Glenmont, or me as its Receiver, of proper proof of any obligation by Depot to Western Pile or

Glenmont, Depot will honor the same notwithstanding any lapse of time which may have ensued, or might ensue, in the future." The Statute of Limitations on a cause of action for fraud is six years from the date of commission of the act or two years from the date of discovery, whichever is longer (CPLR 203, subd [f]; 213, subd 8; *Smith v Sarkisian,* 63 AD2d 780, affd 47 NY2d 878). Plaintiff argues that although he had knowledge of the allegedly fraudulent act in August, 1971, he was not appointed until November, 1972 and, therefore, he had six years to commence the action from that date. However, even accepting the date of discovery for limitations purposes as November, 1972, the action would have been time barred in November, 1974. The doctrine of equitable estoppel applies where a plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action (*Simcuski .v Saeli,* 44 NY2d 442). Since the letter allegedly waiving the defense of the Statute of Limitations in the present case was not executed until after the action in fraud was time barred, this doctrine is not applicable. The question thus becomes whether a written agreement waiving the effect of the Statute of Limitations, which is executed after a cause of action is time barred, is sufficient to renew the running of the Statute of Limitations on that cause of action. We believe that it is. Subdivision 1 of section 17-103 of the General Obligations Law, which is applicable to actions arising out of the contract, authorizes an agreement "to waive, to extend, or not to plead the statute of limitation" upon the conditions that the agreement is in writing and signed by the promisor or his agent. This statute is exclusive (General Obligations Law, § 17-103, subd 3) and also requires that the agreement be made after the accrual of the cause of action (General Obligations Law, § 17-103, subd 1). There is no requirement in this statute that the agreement be executed prior to the time the Statute of Limitations has run on a cause of action. In fact, such an agreement is not truly a waiver unless it is made after the statutory period has run (*Kassner & Co. v City of New York,* 46 NY2d 544, 552). Consequently, we are of the view that the Statute of Limitations may be waived on a cause of action by a written agreement executed after the statutory period has run (see *Union Bank of Switzerland v HS. Equities, Inc.,* 457 F Supp 515). In order to effect such a waiver, however, the parties to the agreement must have intended such a result. In our opinion, the language of the agreement is ambiguous. The record reveals that the letter was drawn by the receiver, an attorney, in connection with a settlement of a lawsuit involving the foreclosure of a mechanic's lien and nowhere refers to the allegedly fraudulent transaction which forms the basis of the instant action, although the receiver was aware of the fraud at the time the letter was drawn. In view of this ambiguity, the situation of the parties and the surrounding circumstances at the time the agreement was executed must be taken into consideration (*Mister Filters v Weber Environmental Systems,* 44 AD2d 639). Accordingly, the motion for summary judgment should not have been decided until the questions of fact concerning the intent of the parties were determined. We conclude that an immediate trial pursuant to CPLR 3212 (subd [c]), on the issue of the intent of the parties at the time the agreement in question was executed would have been appropriate for the expeditious disposition of the controversy under the circumstances. Order reversed, on the law, without costs, and matter remitted to Special Term for immediate trial, pursuant to CPLR 3212 (subd [c]), to determine the intent of the parties at the time of execution of the letter of May 4, 1977, containing the purported waiver agreement. Sweeney, J. P., Main, Mikoll, Yesawich, Jr., and Herlihy, JJ., concur.