■ THEODORE L. GOLDEN et al., Appellants, v EUGENE SCALISE et al., Respondents. — Appeal from an order of the Supreme Court at Special Term (Kepner, Jr., J.), entered August 12, 1981 in Chemung County, which denied plaintiffs' motion to increase the *ad damnum* clause in the complaint, and granted defendants' cross motion to dismiss the complaint. Plaintiffs commenced this action on November 1, 1980 to recover property damage resulting from a fire on March 5, 1975, allegedly caused by defendants' wrongful acts which destroyed their barns, equipment and livestock. When plaintiffs moved to increase the *ad damnum* clause from $80,000 to $207,000, defendants cross-moved to dismiss the complaint as time barred by the three-year limitation of time set forth in CPLR 214 (subd 4). Plaintiffs appeal Special Term's order which denied their motion to amend the complaint and granted defendants' cross motion. Plaintiffs argue that defendants should be equitably estopped from interposing the Statute of Limitations as a defense. Our courts have long had the power, both at law and in equity, to bar the assertion of the affirmative defense of the Statute of Limitations where it is the defendant's affirmative wrongdoing — a carefully concealed crime here — which produced a long delay between the accrual of the cause of action and the institution of the legal proceeding (*General Stencils v Chiappa,* 18 NY2d 125). This court has upheld the applicability of the doctrine of equitable estoppel where a plaintiff has been induced by fraud, misrepresentation or deception to refrain from timely commencing an action (*Lifset v Western Pile Co.,* 85 AD2d 855, 856, citing *Simcuski v Saeli,* 44 NY2d 442). However, it is well established that there is no duty upon a potential defendant to inform an adversary of the existence of a cause of action (*Gold v City of New York,* 80 AD2d 138; *Jordan v Ford Motor Co.,* 73 AD2d 422). While obviously defendants would not have brought their involvement in the arson to plaintiffs' attention during the pendency of a criminal prosecution against them, it cannot be said that defendants, by their

own affirmative actions or failure to disclose, induced plaintiffs to refrain from commencing suit by fraud, misrepresentation or concealment. It appears plaintiffs were informed of defendant Eugene Scalise's involvement by a disclosed informant in March, 1977; that Scalise was indicted on January 26, 1978; and finally, that the present action was not commenced until November 1, 1980. No valid evidence has been offered by plaintiffs, upon whom the burden of proof rests, to demonstrate that they were wrongfully induced by defendants not to timely commence suit (*Atkins & Durbrow v Home Ind. Co.*, 84 AD2d 637, affd 55 NY2d 859). To the contrary, it would appear that plaintiffs chose to await the successful criminal prosecution before commencing suit. While the Supreme Court has said "no man may take advantage of his own wrong" (*Glus v Brooklyn Eastern Dist. Term.*, 359 US 231, 232-233), plaintiffs have failed to demonstrate by evidentiary facts that they were induced by defendants not to bring suit in a timely manner. Special Term correctly refused to apply the doctrine of equitable estoppel (see *Immediate v St. John's Queens Hosp.*, 48 NY2d 671). It is unnecessary to reach the remaining arguments. Order affirmed, without costs. Main, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.