Harry GARDNER, Plaintiff
vs.
TRAVELODGE INTERNATIONAL,
INC. Defendant

No. 82-1288-S

United States District Court
Commonwealth of Massachusetts

November 2, 1982

Paul Manoff, counsel for plaintiff.
George Shagory, Lewis Eisenberg,
counsels for defendant.

### MEMORANDUM AND ORDER

Skinner, D.J. The present case involves a diversity action where plaintiff Gardner claims he was injured on property owned or controlled by the defendant Travelodge International, Inc. Gardner alleges that on or about May 19, 1979 he injured himself in a bathtub of the "Travelodge Hotel" at 515-510 West 42nd Street in New York City.

Travelodge International, Inc. has brought a motion for summary judgment on the basis that it had sold the hotel in 1978 to Fico Realty Corp. and therefore was not the responsible party. In support of this motion, Travelodge has submitted an affidavit by Allen Frostrom, a principal of Travelodge International, Inc., where he stated, in sum, that Travelodge had sold the hotel in issue to Fico Realty, Inc. in March, 1978, that after that sale, Travelodge did not own, maintain, or operate that hotel; and that Travelodge was not authorized to run the hotel after that date. Travelodge has also submitted an affidavit by Robert Born, an officer of Fico Realty Corp., stating **inter alia** that Fico has owned the hotel in question since 1978 and that Fico and Travelodge have not had any relationship since Fico bought the hotel. Also, Travelodge has submitted a photocopy of the purchase and sale agreement. Paragraph 4(b) states that the name Travelodge may not be used by the purchaser and that within 45 days after the March 31, 1978 closing date, the purchaser must remove all signs, etc. with the Travelodge name or insignia.

Plaintiff has submitted an affidavit stating that he had seen the Travelodge name on the sign outside the hotel and on uniforms in the hotel on the day of his injury. He has also submitted his hotel receipt that had the name "Travelodge" on it, and his American Express receipt

that also had the name "Travelodge" on it, along with letters from an insurance carrier referring to the accident at "Travelodge".

I find that on May 19, 1979, when Gardner was allegedly injured, Travelodge had no right to operate, control, or maintain the hotel. I find further that any use of the Travelodge name on May 19, 1979 by the purchaser, Fico, was unauthorized. Cases holding a franchiser liable for the injuries occurring on property of a franchisee where a contract between the franchiser and hotel operator authorized the use of the franchiser's name, or where there had been an ongoing relationship between the franchiser and the operator, **e.g., Wood v. Holiday Inns, Inc.,** 508 F.2d 167 (5th Cir. 1975); **Drummond v. Hilton Hotels Corporation,** 501 F.Supp. 29 (E.D. Pa. 1980), are inapposite. **Id. See** Restatement Agency 2d sec. 267 (1965).

Defendant's motion for summary judgment is ALLOWED and judgment for the defendant shall enter.

**Walter Jay Skinner**
**United States District Judge**