■ WESLEY LUNN, Respondent, v HOLIDAY CORPORATION, a Holding Company for HOLIDAY INNS, INC., Defendant and Third-Party Plaintiff, and COLUMBIA SUSSEX CORPORATION, Appellant and Third-Party Plaintiff. SHANROD CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant.—Case held, decision reserved and matter remitted to Supreme Court for further proceedings, in accordance with the following memorandum: Resolution of this appeal requires a determination whether Manfred Stumpf, to whom the summons and complaint in this action were delivered on October 1, 1987, is a person authorized within the meaning of CPLR 311 (1) to accept service on behalf of Columbia Sussex Corporation. The matter is remitted to Supreme Court for a hearing and determination of that issue.

All concur, except Boomer, J., who dissents and votes to reverse and dismiss the complaint, in the following memorandum.

Boomer, J. (dissenting). I respectfully dissent. Plaintiff was injured while working on the construction of a building on property owned by Columbia Sussex Corporation. Plaintiff originally prepared a summons and complaint naming "Holiday Corporation, a Holding Company for Holiday Inns, Inc." as the owner of the property.

After the Statute of Limitations expired, plaintiff served an amended summons and complaint naming Columbia Sussex Corporation as an additional defendant alleging in the complaint that "the owners of said premises were Holiday Corporation, a Holding Company of Holiday Inns, Inc. and/or Columbia Sussex Corporation."

On appeal, plaintiff contends that the service of the amended summons and complaint constitutes a mere correction of a misnomer. The majority agrees with this characterization of the amendment, a position I cannot accept. When plaintiff named and served Holiday Corporation, he intended to name and serve that corporation even though he mistakenly believed that Holiday Corporation owned the property. This is not a case where the plaintiff intended to name and serve a particular person or corporation and made a mistake in the spelling or designation of that person or corporation.

This is solely a case where plaintiff mistakenly chose the wrong defendant to name and serve. There are many cases where a plaintiff named the wrong defendant because he was mistaken about who owned the property upon which he was injured. In those cases the plaintiff will not be heard to say that he meant to sue the owner, whomever the owner might be, and that his summons should be amended to contain the name of the proper owner.

Here, it is undisputed that Columbia Sussex Corporation is an entirely different corporation from Holiday Corporation and they have no connection with each other except that Columbia Sussex is the owner of the land and building upon which Holiday Corporation operates a hotel. Here, when plaintiff originally prepared and served his summons and complaint, he did not intend to name and serve Columbia Sussex Corporation and he may not now amend the complaint after the period of limitations has expired on the theory of misnomer. This simply is not a case where the right party is in court but under a defective name, in which case an amendment correcting the title could be permitted *(see, Wells v Merrill,* 204 App Div 696, 699). (Appeals from order of Supreme Court, Monroe County, Curran, J.—dismiss complaint.) Present—Dillon, P. J., Boomer, Pine, Lawton and Lowery, JJ.