■ ALICE McGEE, Appellant, v BELLS SUPERMARKET et al., Respondents.—Order unanimously affirmed without costs. Memorandum: The court properly granted summary judgment to defendants dismissing the complaint. The defendants named in the complaint were not the owners or operators of

the food market in which plaintiff slipped and fell. The owner and operator of the food market was Peter J. Schmitt Co. Plaintiff contends that the misnomer of the defendants is a defect that the court can overlook, but the court cannot overlook a misnomer of a party defendant where the court has not obtained jurisdiction over the intended but misnamed defendant *(see, Simpson v Kenston Warehousing Corp.,* 154 AD2d 526). Personal jurisdiction was not obtained over Peter J. Schmitt Co. when plaintiff purportedly made service of the summons and complaint on Bells Supermarket and Bells Retail Associates pursuant to a court order authorizing service by mailing because the summons and complaint were not mailed to or received by Peter J. Schmitt Co.

Plaintiff's contention that Peter J. Schmitt Co. should be estopped from denying proper service lacks merit. Plaintiff argues that defendants induced the misnomer because the insurance company for the named defendants referred to its insured as Bells Supermarket and Bells Retail Associates "and even after the defendants received the summons in the case six days before the Statute of Limitations expired they did not notify plaintiff that she should have sued their affiliate, Peter J. Schmitt Co." The proof submitted by plaintiff in response to the motion to dismiss does not show any improper conduct on the part of the insurance company which induced the misnomer or improper service. There is no showing that either the insurance company or Peter J. Schmitt Co. made any misrepresentation which induced the misnomer, and they were under no obligation to inform plaintiff of the proper defendant. Further there was no showing that Peter J. Schmitt Co. was an "affiliate" of the named defendants and there was no showing that Peter J. Schmitt Co. did anything to mislead plaintiff. (Appeal from Order of Supreme Court, Erie County, McGowan, J.—Summary Judgment.) Present—Callahan, A. P. J., Doerr, Boomer, Balio and Lawton, JJ.