■ WESLEY LUNN, Respondent, v HOLIDAY CORPORATION, a Holding Company for HOLIDAY INNS, INC., Defendant and Third-Party Plaintiff, and COLUMBIA SUSSEX CORPORATION, Appellant and Third-Party Plaintiff. SHANROD CONSTRUCTION COMPANY, INC., Third-Party Defendant-Appellant.—Order unanimously affirmed with costs. Memorandum: Defendant Columbia Sussex Corporation and third-party defendant contend that plaintiff's action is barred by the applicable Statute of Limitations. In *Lunn v Holiday Corp.* (167 AD2d 818) we concluded that plaintiff's service of an amended summons and complaint upon defendant was a mere correction of a misnomer *(see generally, Simpson v Kenston Warehousing Corp.,* 154 AD2d 526; *Pinto v House,* 79 AD2d 361, 364; *Covino v Alside Aluminum Supply Co.,* 42 AD2d 77, 80). The resolution of whether the action was barred by the applicable Statute of Limitations, however, required a determination whether Manfred Stumpf was authorized to accept service on behalf of defendant within the meaning of CPLR 311 (1). We therefore reserved decision and remitted the matter to Supreme Court for a hearing on that issue. On remittal, the court concluded that Mr. Stumpf was authorized to accept service, and defendant and third-party defendant do not challenge that determination. Because service was effectuated on defendant by delivery of a summons and complaint, on October 1, 1987, to

Manfred Stumpf, the action was timely commenced. Defendant's request that we reconsider our prior decision, in light of our recent decision in *McGee v Bells Supermarket* (177 AD2d 975), is misplaced. In *McGee,* unlike the present case, jurisdiction was never obtained by plaintiff over the misnamed defendants. (Appeal from Order of Supreme Court, Monroe County, Curran, J.—Resubmission.) Present—Callahan, J. P., Boomer, Balio, Lawton and Davis, JJ.