■ APPIAN ESTATES, INC., et al., Appellants, v PARIS MASTRODDI et al., Respondents. [710 NYS2d 119] —In an action to recover damages for breach of contract, fraud, and negligence, the plaintiffs appeal, as limited by their brief, from so much of

an order of the Supreme Court, Westchester County (Fredman, J.), entered March 30, 1999, as granted those branches of the defendants' motion which were to dismiss the complaint pursuant to CPLR 3211 (a) (5) and (7).

Ordered that the order is affirmed insofar as appealed from, with costs.

The plaintiffs, home builders, commenced this action against the defendants, insurance agents, to recover damages based on a denial of coverage on a claim of negligent construction asserted against the plaintiffs in a separate action commenced by the defendant Paris Mastroddi. The plaintiffs contend that the defendants assured them of "total and complete liability insurance coverage", and the failure to secure such coverage was the result of negligence and fraud, and constituted a breach of contract. The Supreme Court granted those branches of the defendants' motion which were to dismiss the complaint on the grounds that the Statute of Limitations had expired on the breach of contract and negligence causes of action, and the fraud cause of action was "inextricably related to the breach of contract claim".

The Supreme Court properly rejected the plaintiffs' attempt to invoke the doctrine of equitable estoppel against the defendants to bar the interposition of the Statute of Limitations defense. It cannot be said that the defendants induced the plaintiffs "by fraud, misrepresentations or deception" to postpone bringing the action (*Simcuski v Saeli,* 44 NY2d 442; *see, Davis v Smith Corp.,* 262 AD2d 752). While the defendant Paris Mastroddi did not commence an action against the plaintiffs until 1996, the plaintiffs became aware of the construction defect claimed by the defendants in August 1991, at which time they retained counsel, nearly 6½ years prior to their commencement of this action (*see, Marino v Buck,* 231 AD2d 931).

The court also properly determined that the fraud cause of action cannot be independently sustained since it is inextricably related to the breach of contract and negligence causes of action (*see, Clark-Fitzpatrick, Inc. v Long Is. R. R. Co.,* 70 NY2d 382, 389; *White of Lake George v Bell,* 251 AD2d 777; *Cleffi v Crescent Beach Club,* 222 AD2d 642). The Statute of Limitations for a fraud cause of action may not be separately invoked (*see, New York Seven-Up Bottling Co. v Dow Chem. Co.,* 96 AD2d 1051, *affd* 61 NY2d 828).

In light of our determination, we do not address the plaintiffs' remaining contentions. Joy, J. P., Friedmann, Krausman and H. Miller, JJ., concur.