■ SANDRA J. HART, Appellant, v MARRIOTT INTERNATIONAL, INC., Respondent. [758 NYS2d 435] —Cardona, P.J. Appeal from an order of the Supreme Court (Teresi, J.), entered June 7, 2002 in Albany County, which, inter alia, granted defendant's motion for summary judgment dismissing the complaint.

On May 15, 1998, plaintiff allegedly slipped on water and fell in the area of the dance floor in the banquet room of the Albany Marriott Hotel located on Wolf Road in the City of Albany. Plaintiff's counsel wrote letters to the Albany Marriott dated August 10, 1998 and September 4, 1998 describing the details of the accident and plaintiff's injuries. The letters requested a response from the hotel or its liability carrier. The Albany Marriott responded by referring plaintiff's counsel to its insurance carrier and claims agent, Zurich-American Insurance Company. Notably, all correspondence from Zurich-American to plaintiff's counsel indicated Albany Marriott as the carrier's insured and set forth a claim number assigned by the company. After settlement negotiations with Zurich-American were unsuccessful, plaintiff's counsel performed a Department of State corporate record search which revealed that, although "Interstate Hotels Corporation #102" filed a certificate to do business under the fictitious name Albany Marriott in 1984, the certificate was surrendered in 1994 and the authority of its registered agent to accept service of process was revoked. No other certificate concerning the Albany Marriott was filed. Plaintiff's counsel searched the Albany Marriott Web site which provided a link to defendant, Marriott International, Inc. The Department of State records for defendant listed an Albany agent for service of process and, on November 23, 1999, plaintiff commenced this action by serving defendant via the Secretary of State. Plaintiff also provided Zurich-American with a copy of the summons and complaint.

Thereafter, Zurich-American requested and received a stipulation by plaintiff agreeing to an extension to file an answer on "behalf of Albany Marriott" until January 6, 2000. On the last day of that extension, defendant served an answer, asserting as an affirmative defense that plaintiff's injuries were caused by, among other things, "the negligence of others over whom the defendant had no control." Plaintiff served a demand for a verified bill of particulars in February 2000 regarding, inter alia, that assertion. On April 11, 2000, defendant served a bill of particulars which did not identify the other negligent parties, stating merely that it reserved the right to supplement its response upon completion of discovery.

In January 2002, following the expiration of the applicable statute of limitations, defendant moved for summary judgment dismissing plaintiff's complaint on the basis that, although defendant was a Marriott franchisor, neither it nor its subsidiaries owned or operated the Albany Marriott. Defendant maintained that they were separate entities and it did not control the daily management, maintenance or operation of the hotel. According to defendant, on the date of plaintiff's accident, the Albany Marriott was actually owned by IHP Holdings Partnerships, L.P. and operated and maintained by Interstate Hotels Corporation (hereinafter Interstate), defendant's franchisee. Plaintiff opposed defendant's motion and cross-moved for leave to file and serve an amended summons and complaint and/or a supplemental summons and amended complaint which would include Interstate as a defendant. Supreme Court granted defendant's motion, and denied plaintiff's cross motion, resulting in this appeal.

Initially, plaintiff argues that Supreme Court erred in granting defendant's motion for summary judgment. In determining whether defendant, as franchisor, may be held vicariously liable for the acts of Interstate, its franchisee, the most significant factor to consider is the degree of control that the franchisor maintains over the daily operations of the franchisee or, more specifically, the "manner of performing the very work in the course of which the accident occurred" (*Andreula v Steinway Baraqafood Corp.*, 243 AD2d 596, 596 [1997]; *see Schoenwandt v Jamfro Corp.*, 261 AD2d 117 [1999]; *Dalzell v McDonald's Corp.*, 220 AD2d 638 [1995], *lv denied* 88 NY2d 815 [1996]; *Abreu v Getty Ref. & Mktg. Co.*, 121 AD2d 419 [1986]; *Ahl v Martin*, 82 AD2d 938 [1981]; *see also Wendy Hong Wu v Dunkin' Donuts, Inc.*, 105 F Supp 2d 83, 87 [2000]). Here, defendant's franchise agreement with Interstate specifically provided that Interstate, an independent contractor, was

responsible for the daily maintenance, management and operation of the Albany Marriott. Furthermore, Interstate had its own written policy detailing how Albany Marriott employees were required to handle, among other things, wet floors to avoid slips and falls. Significantly, plaintiff offered no proof raising a question of fact as to the issue of day-to-day control over maintenance and management by Interstate. Although the label that the franchise agreement gives the franchisee is not dispositive of the relationship (*see e.g. Matter of Francis*, 246 AD2d 751, 752 [1998], *lvs dismissed* 92 NY2d 886, 93 NY2d 833 [1998]), in this case, summary judgment was properly granted.[1]

Next, plaintiff contends that Supreme Court erred by not granting her cross motion for leave to serve an amended summons and complaint to reflect Interstate as a defendant or, alternatively, to serve a supplemental amended complaint. With respect to the request to serve an amended pleading, we conclude that part of the motion was properly denied. It is apparent that plaintiff always intended to prosecute this action against defendant until it was learned, after the statute of limitations had expired, that Interstate operated the Albany Marriott. Thus, while CPLR 305 (c) may be utilized to correct the name of an existing defendant (*see Benware v Schoenborn*, 198 AD2d 710, 711-712 [1993]), it cannot be used by a party as a device to add or substitute a party defendant (*see Security Mut. Ins. Co. v Black & Decker Corp.*, 255 AD2d 771, 773 [1998]). Since plaintiff is seeking to add a new defendant and not merely attempting to correct the name of an existing defendant, there is no basis for amendment of the complaint (*see id.*).

Turning to that part of plaintiff's cross motion seeking permission to serve a supplemental summons and amended complaint naming Interstate as a new defendant, we come to a different conclusion.[2] Plaintiff is essentially alleging that Interstate should be estopped from asserting the affirmative defense

---

1. We note that although plaintiff makes the broad claim that defendant is liable under an apparent agency relationship, at no point in the record or briefs is it alleged that plaintiff relied upon defendant's name, skill or reputation in choosing to attend a function sponsored by her employer at the Albany Marriott (*see generally Fogel v Hertz Intl.*, 141 AD2d 375 [1988]; *see also Drummond v Hilton Hotel Corp.*, 501 F Supp 29 [1980]; Restatement [Second] of Agency § 267). Accordingly, we find no basis for this claim to survive a motion for summary judgment.

2. Although plaintiff presents a strong argument relating to application of the "relation back" doctrine to the facts of this case, plaintiff's failure to raise a question of fact as to whether defendant was vicariously liable for

of statute of limitations based upon, among other things, the actions of Zurich-American. Notably, "a defendant may be estopped to plead the Statute of Limitations where [the] plaintiff was induced by fraud, misrepresentation or deception to refrain from filing a timely action" (*Simcuski v Saeli*, 44 NY2d 442, 448-449 [1978]; *see generally Appian Estates v Mastroddi*, 274 AD2d 366 [2000]; *Golden v Scalise*, 87 AD2d 959 [1982], *lv denied* 57 NY2d 604 [1982]). Here, the record demonstrates that Zurich-American, while continually maintaining that it represented the Albany Marriott and could act on its behalf, received a "courtesy" copy of a summons and complaint specifically directed solely to defendant, a purportedly separate entity from the Albany Marriott franchise. Zurich-American did not simply ignore the courtesy copy of the papers as it presumably could have done had it solely represented the interests of "Albany Marriott" as indicated in its correspondence. Instead, it affirmatively negotiated an extension of defendant's time to answer which was fully taken advantage of by defendant. By doing so, Zurich-American clearly misrepresented that the interests of the Albany Marriott and defendant were one and the same. Simply, Zurich-American consistently set forth that it was acting solely for the party liable for any negligent acts by Albany Marriott employees when it first engaged in settlement negotiations and then sought an extension of time for an answer to be served. In the latter communications, Zurich-American represented through its conduct that *defendant* was "the Albany Marriott," i.e., the responsible party.

The above conduct, combined with Interstate's undisputed failure to properly file a certificate of doing business with the Department of State as required by General Business Law § 130, wrongly perpetuated plaintiff's impression that defendant was the proper party served, delaying the timely commencement of an action against Interstate (*cf. McGee v Bells Supermarket*, 177 AD2d 975 [1991]).[3] In our view, under all the circumstances present herein, plaintiff's reliance on the

---

Interstate's acts militates against application of this doctrine (*see L & L Plumbing & Heating v DePalo*, 253 AD2d 517 [1998]).

**3.** It appears our dissenting colleagues construe our statement that Zurich-American could have simply ignored the pleadings sent by plaintiff as a statement that Zurich-American was obligated to inform plaintiff that it sued the wrong party. To the contrary, we are in complete agreement that a defendant has no duty to inform the other party of the proper defendant (*see McGee v Bells Supermarket, supra*). This does not mean, however, that a defendant's agent can improperly lull a plaintiff into refraining from commencing a timely action or sleeping on its rights (*see generally Gilbert Frank*

conduct of and representations by Zurich-American was reasonable. Accordingly, we agree with plaintiff that her cross motion should be partially granted and Interstate should be estopped from asserting the affirmative defense of the statute of limitations.

Spain and Rose, JJ., concur.

Carpinello, J. (concurring in part and dissenting in part). Because there is not a scintilla of fraud, misrepresentation or deception in this case and because the majority creates a duty recognized nowhere else in the law, we respectfully dissent. The majority contends that when Zurich-American Insurance Company received a "courtesy copy" of the complaint naming the wrong defendant (the franchisor, i.e., Marriott International, Inc., not the franchisee-owner, i.e., Interstate Hotels Corporation), it had an affirmative duty to advise plaintiff's attorneys that they had sued the wrong party.[1] No insurance company has a duty to aid its insured's adversaries. Indeed, if Zurich-American or its attorneys had so advised plaintiff's attorneys, they would have violated the duty of undivided loyalty owed to their insured.

Furthermore, the majority's reliance on *Gilbert Frank Corp. v Federal Ins. Co.* (70 NY2d 966 [1988]) is misplaced as that case involved a dispute between an insurer and its *own insured*. While an insurer may have a duty not to lull its *own insured* into "sleeping on its rights" (*id.* at 968), surely there can be no such duty owed by an insurer to its *insured's adversary*.[2] In addition, Zurich-American's conduct of generally identifying its insured as "the Albany Marriott" in correspondence is without significance. Plaintiff's attorneys surely knew any reference to "the Albany Marriott" was not intended to identify the corporate owner/operator of the hotel since they themselves sued Marriot International, Inc., *not* "the Albany Marriot."

As this case is indistinguishable from *McGee v Bells Super-*

---

*Corp. v Federal Ins. Co.*, 70 NY2d 966, 968 [1988]; *Procco v Kennedy*, 88 AD2d 761 [1982], *affd on mem below* 58 NY2d 804 [1983]; *Golden v Scalise, supra*), which is what occurred in this case.

1. Notably, in no correspondence or pleading does Zurich-American make an affirmative representation that plaintiff sued the correct party. Furthermore, there is no indication in the record that a check of real property records in the County Clerk's office would not have revealed the identity of the property's owner.

2. "The classic case in which an insurer is estopped from raising a limitation period defense is where the insurer can be said to have lulled *the insured* into a false sense of security or to have otherwise induced *the insured* to forebear from commencing a timely action" (*Gilbert Frank Corp. v Federal Ins. Co.*, 129 AD2d 414, 422 [1987] [Murphy, P.J., dissenting], *revd* 70 NY2d 966 [1988] [emphasis added]).

*market* (177 AD2d 975 [1991]), Supreme Court's decision should be affirmed in all respects.

Crew III, J., concurs. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied that part of plaintiff's cross motion for leave to file and serve a supplemental summons and amended complaint against "Interstate Hotels Corporation doing business as Albany Marriott Inn doing business as Albany Marriott Hotel doing business as 189 Wolf Road, Albany NY, its predecessors, successors and assigns"; motion granted to that extent and said defendant estopped from asserting the statute of limitations as an affirmative defense in its answer; and, as so modified, affirmed.