■ ANNE ARBUTINA, Individually and as Administratrix of the Estate of JOSEPH ARBUTINA, Deceased, Respondent, v KUMARAN BAHULEYAN et al., Appellants, et al., Defendant. — Order unanimously modified and, as modified, affirmed, without costs, in accordance with the following memorandum: Defendant doctors appeal from Special Term's order estopping them from interposing the Statute of Limitations as a defense to plaintiff's claim for the wrongful death of her husband on November 28, 1975. We previously reversed orders granting defendants leave to amend their answers affirmatively to plead the Statute of Limitations and remitted the matter to Special Term for a factual determination of whether they are equitably estopped from pleading this defense (*Arbutina v Bahuleyan,* 75 AD2d 84). The estoppel claim is based on plaintiff's allegation that the defendants delayed in delivering hospital records until September 23, 1977 and, inasmuch as five medical specialties were involved in decedent's treatment, she had insufficient time to obtain needed expert opinion on whether malpractice occurred. Following a hearing

Special Term estopped not only defendant hospital from asserting the statute as a result of its failure to provide plaintiff with the necessary medical record, but also defendant doctors who were charged with responsibility for the hospital's conduct on the theory that the "doctor[s'] and hospital records" were "one and the same" and the hospital acted both for itself and as agent for the doctors. ¶ Proof at the hearing established that the Medical Records Department of the hospital was unable substantially to comply with plaintiff's repeated requests for decedent's medical record for more than 13 months after the request was first made on August 3, 1976. Initially the department said that a portion of the record was incomplete and required the signatures of one or more of the attending physicians involved and the remainder of the record, which it was endeavoring to locate, was missing. Neither the nature of the incomplete reports nor the doctors, who allegedly failed to sign and complete the reports was identified. Although the doctors' reports in the hospital medical record are dated there was no proof when any of the "incomplete" reports were signed. A portion of the available record was transmitted to plaintiff in late February or early March, 1977 and the balance of the missing record, although still partially incomplete, was forwarded on September 23, 1977. There is no explanation as to when or where this portion of the record was found. ¶ Under the by-laws governing the medical records of patients treated in defendant hospital the medical record "is the property of the hospital" and responsibility for its "prompt completion and accuracy" rests with the "attending physician". The record on appeal contains no evidence which would support a conclusion that failure on the part of the doctors to promptly discharge their duty to complete decedent's medical record contributed to the hospital's failure to provide the complete record in time for plaintiff to obtain the medical opinion which her counsel deemed necessary for the commencement of suit. Furthermore, no proof was adduced that the doctors contributed in any way to the delay caused by the hospital's inability to locate the entire record. Indeed Special Term made no finding that the doctors, by their conduct, unreasonably delayed its production. Plaintiff, upon whom the burden of proof rests, has not presented evidentiary facts which would establish conduct on the part of the doctors grounded on deception, intentional or otherwise, which was calculated to mislead and upon which plaintiff relied (*Arbutina v Bahuleyan, supra,* p 86). It would be pure speculation to conclude that any one or more of these doctors by some sort of affirmative wrongdoing contributed to an unreasonable delay in delivering the hospital records which prevented plaintiff from timely commencing her action. Even though Special Term found that plaintiff established a pattern of diligent efforts to obtain the records, under the circumstances the doctrine of estoppel has no application to the doctors (see *Procco v Kennedy,* 88 AD2d 761; *Golden v Scalise,* 87 AD2d 959; see, also, *Arbutina v Bahuleyan, supra*). ¶ Special Term fixed responsibility upon the doctors not on any independent finding of negligence, but on an agency theory, i.e., that the doctors, as principals, were liable for the actions of their agent, the hospital. Such a relationship, however, is belied by the facts of this case (see *Meese v Miller,* 79 AD2d 237, 241). Medical records are regulated by and kept pursuant to hospital rules, and they belong to the hospital. The doctors have no proprietary interest in the records, exercise no direction or control over the hospital with relation to access to them by others and cannot prevent their disclosure by the hospital. Nor is there apparent authority on the part of the hospital as agent to bind the doctors. A manifestation of consent by the doctors to plaintiff indicating that the hospital has the authority which plaintiff reasonably believes it to possess is necessary (see *Ford v Unity Hosp.,* 32 NY2d 464, 472-473). The evidence here is that no communication existed between plaintiff and any of the doctors and the record does not substantiate a

finding of manifestation of consent (see *Wen Kroy Realty Co. v Public Nat. Bank & Trust Co.*, 260 NY 84, 91). The right of the defendant doctors to amend their answers to assert the Statute of Limitations as a defense to plaintiff's action for the wrongful death of her husband is restored. (Appeal from order of Supreme Court, Erie County, Gossel, J. — Statute of Limitations.) Present — Dillon, P. J., Denman, Boomer, O'Donnell and Schnepp, JJ.