■ JUDITH A. FINNEGAN, Respondent, v NFT-METRO BUS SYSTEM, INC., et al., Appellants. — Order reversed, without costs, defendants' motion granted and complaint dismissed. Memorandum: Special Term was without authority to grant plaintiff an extension of time to serve her summons and complaint. CPLR 321 (subd [c]), upon which Special Term relied, provides that "[i]f an attorney * * * is * * * suspended * * * at any time before judgment, no further proceeding shall be taken *in the action against the party for whom he appeared*, without leave of the court, until thirty days after notice to appoint another attorney has been served" (emphasis supplied). That section is operative only

with respect to an "action" in which an attorney has "appeared." ¶ Plaintiff sustained personal injuries on October 18, 1981 when her automobile was struck in the rear by a bus owned by NFT and driven by defendant Wright. Prior to commencement of an action, plaintiff was notified by her attorney on August 31, 1982 that he had been suspended from the practice of law. Plaintiff retained her present counsel on October 20, 1982 and commenced the action on December 17, 1982. Defendants moved to dismiss that complaint, asserting that the applicable Statute of Limitations governing actions against a public authority is one year and 30 days (Public Authorities Law, § 1299-p; *Niemczyk v Pawlak,* 76 AD2d 84). Inasmuch as no action was commenced within the statutory period, Special Term was without discretion to extend the statutory period (CPLR 201), and defendants' motion to dismiss was improperly denied. ¶ Nor is there merit to plaintiff's argument, raised for the first time on appeal, that defendants should be equitably estopped from asserting the Statute of Limitations because they had notice of plaintiff's claim and the benefit of a physical examination. The doctrine of equitable estoppel is applicable only upon showing that the defendant, through affirmative wrongdoing, contributed to plaintiff's delay in commencing the action (*Simcuski v Saeli,* 44 NY2d 442, 451; *Arbutina v Bahuleyan,* 101 AD2d 696; *Procco v Kennedy,* 88 AD2d 761, affd 58 NY2d 804). All concur, except Callahan, J., who dissents and votes to affirm, in the following memorandum.

Callahan, J. (dissenting). I concur with the finding of Special Term. I perceive the majority view of CPLR 321 (subd [c]) as too narrow. The purpose of the statute (CPLR 321, subd [c]) is to afford a person, who has, through no act or fault of her own, been deprived of the services of her counsel, a reasonable opportunity to obtain new counsel. In my view the relief should not be limited to only those matters which are in litigation. Such application is discriminatory and grossly unreasonable, especially in this case when plaintiff has initiated her claim by a timely filing of a notice of claim with defendant. To deny this New Yorker any consideration under these circumstances is unjust and contrary to the intent of the statute. Since her attorney was suspended from the practice of law after plaintiff initiated her claim by filing a notice of claim with defendant, plaintiff should be afforded the benefit of the statute. (Appeal from order of Supreme Court, Erie County, Ricotta, J. — summary judgment.) Present — Callahan, J. P., Denman, Boomer, O'Donnell and Schnepp, JJ.