■ M.R., Appellant, v 2526 VALENTINE LLC, Respondent, et al., Defendant. [871 NYS2d 131]—

Order, Supreme Court, New York County (Howard H. Sherman, J.), entered on or about February 28, 2008, which vacated the default judgment entered against defendant 2526 Valentine, unanimously reversed, on the law, without costs, and the judgment reinstated.

In November 2006, plaintiff was sexually assaulted in her apartment by the apartment building's superintendent. Ten weeks later, she commenced this action against the building (Valentine) and its managing agent (Magaw), claiming that they had negligently failed to screen the superintendent prior to hiring him, and had negligently supervised him. On January 29, 2007, plaintiff served Valentine with the summons and complaint through the Secretary of State (*see* Limited Liability Company Law § 303 [a]), which gave that defendant until February 28, 2007 to interpose a timely answer (*see* CPLR 320 [a]). Valentine did not answer the action, and on March 26, 2007 plaintiff sent Valentine a letter notifying it that if it did not answer or appear within 10 days, plaintiff would seek a default judgment. In May 2007, plaintiff moved for a default judgment, to which Valentine did not respond. The motion was granted on July 13, 2007.

By an order to show cause, Valentine moved in September 2007 to vacate the default judgment, submitting the affidavit of its managing member who averred, among other things, that

"Until I received a copy of the motion [for a default judgment] I thought [Valentine's] insurance company had appeared and answered to defend [Valentine] as there can be no claim against [Valentine], or so my attorney has informed me. It appears that the insurance company has disclaimed and for that same reason there is no liability against [Valentine], all the injuries are as a result of the criminal actions of [the superintendent] . . . There was no intent to default; to the contrary, we had thought the matter was being taken care of by the insurance company." The Court granted the motion and gave Valentine additional time to answer.

"A person served with a summons other than by personal delivery . . . may be allowed to defend the action within one year after he obtains knowledge of entry of the judgment . . . upon a finding . . . that [it] did not personally receive notice of the summons in time to defend and has a meritorious defense" (CPLR 317). Valentine cannot seek relief under this statute, which requires only a showing of a potentially meritorious defense (see Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]), because it failed to establish that it had not received notice of the summons and complaint in time to interpose a timely appearance or answer (see Commissioners of State Ins. Fund v Nobre, Inc., 29 AD3d 511 [2006]; Metropolitan Steel Indus. v Rosenshein Hub Dev. Corp., 257 AD2d 422 [1999]). Therefore, Valentine must satisfy the requirements of CPLR 5015 (a) (1), wherein a defendant seeking to vacate a default judgment must demonstrate both a reasonable excuse for its default and a potentially meritorious defense.

Valentine failed to demonstrate a reasonable excuse for its default. Plaintiff demonstrated that she served Valentine through the Secretary of State on January 29, 2007 and sent Valentine a letter two months later informing it that plaintiff would seek a default judgment if Valentine did not answer or appear within 10 days. Plaintiff also demonstrated that on January 8 and April 13, 2007, Valentine's insurer sent Valentine letters stating the insurer's disclaimer of coverage for the assault. In his conclusory affidavit, Valentine's managing member did not deny receiving the summons and complaint from the Secretary of State, plaintiff's letter or the disclaimer letters from Valentine's insurer, all of which had been sent to Valentine before plaintiff sought and obtained the default judgment. In light of the disclaimer letters, which, again, Valentine never denied receiving, its managing member's stated belief that the insurance company had appeared and answered was patently insufficient to establish a reasonable excuse for the default (see

*Rosario v Beverly Rd. Realty Co.*, 38 AD3d 875 [2007]). Because Valentine failed, as a matter of law, to proffer a reasonable excuse for its default, which is a necessary precondition to relief under CPLR 5015 (a) (1), its motion to vacate the judgment must be denied, regardless of whether Valentine demonstrated a potentially meritorious defense. Concur—Mazzarelli, J.P., Gonzalez, Catterson, McGuire and Acosta, JJ.