■ GALAXY GENERAL CONTRACTING CORP., Appellant, v 2201 7TH AVENUE REALTY LLC, Respondent, et al., Defendants. [945 NYS2d 298]—

Order, Supreme Court, New York County (Carol Edmead, J.), entered March 28, 2011, which, to the extent appealed from as limited by the briefs, denied plaintiff's motion for default judgment against defendant 2201 7th Avenue Realty LLC, unanimously reversed, on the law and the facts, without costs, and plaintiff's motion for the entry of default judgment granted in its entirety. The Clerk is directed to enter judgment accordingly.

It is uncontraverted that service of process was effected on defendant 2201 7th Avenue Realty LLC by delivery of the summons and complaint to the Secretary of State's office (Business Corporation Law § 306), and that a courtesy copy was forwarded

to defendant's prior counsel. In order to avoid the entry of default judgment upon its failure to submit a timely answer, defendant was required to come forward with a reasonable excuse for its default and to demonstrate a meritorious defense to the action (*Wells Fargo Bank, N.A. v Cervini*, 84 AD3d 789 [2011]; *see Mutual Mar. Off., Inc. v Joy Constr. Corp.*, 39 AD3d 417, 419 [2007]). Under certain circumstances, law office failure may constitute a reasonable excuse, as required to avoid or vacate default judgment (39 AD3d at 419). However, claims of law office failure which are "conclusory and unsubstantiated" cannot excuse default (*Wells Fargo Bank*, 84 AD3d at 789; *Pichardo-Garcia v Josephine's Spa Corp.*, 91 AD3d 413 [2012]). If it is shown that a party has failed to proffer an acceptable excuse for its default, then it becomes unnecessary to determine whether a meritorious defense exists (*Wells Fargo Bank*, 84 AD3d at 790; *see M.R. v 2526 Valentine LLC*, 58 AD3d 530, 531-532 [2009]).

In seeking to avoid the entry of default judgment, defendant claimed law office failure, but its newly-retained counsel attested that he could not answer for prior counsel's failure to submit a timely answer, as prior counsel had not responded to inquiries about plaintiff's complaint. Accordingly, current counsel could only speculate as to why no timely answer was submitted. Defendant's president could provide no additional insight, averring only that while he did not recall receiving personal service of the complaint, it was his practice to forward all legal papers to prior counsel. Defendant's claim of law office failure being perfunctory and unsubstantiated, it was insufficient to avoid the entry of default judgment. Concur—Tom, J.P., Andrias, Saxe, Moskowitz and Acosta, JJ.