AMIR M.C.W., an Infant, by CARLENE C.F., His Mother and Natural Guardian, et al., Respondents, v 2343, INC., Appellant. [2 NYS3d 358]—

Order, Supreme Court, Bronx County (Faviola A. Soto, J.), entered on or about October 3, 2013, which denied defendant's motion to vacate the default judgment entered against it, unanimously affirmed, without costs.

Defendant failed to set forth a reasonable excuse for its default in appearance at the inquest. The record shows, with a valid affidavit of service, that defendant and its property manager were served with an order dated October 28, 2011, which adjourned the inquest to December 14, 2011. On that date the inquest went forward, and defendant's conclusory assertion that its failure to appear was due to non-receipt of the

October 2011 order fails to rebut the presumption that plaintiff's attorney properly served the order, and that it was received (*see Matter of Ariel Servs., Inc. v New York City Envtl. Control Bd.*, 89 AD3d 415 [1st Dept 2011]).

Since defendant failed to set forth a reasonable excuse for its default, a necessary precondition to relief under CPLR 5015 (a) (1), its motion to vacate the judgment must be denied, regardless of whether it presented a potentially meritorious defense (*see M.R. v 2526 Valentine LLC*, 58 AD3d 530, 532 [1st Dept 2009]).

We have considered defendant's remaining arguments, including its reliance on CPLR 317, and find them unavailing. Concur—Mazzarelli, J.P., Sweeny, Moskowitz, Clark and Kapnick, JJ.