■ LYNN & CAHILL LLP, Respondent, v NADINE WITKIN, Appellant. [13 NYS3d 410]—

Judgment, Supreme Court, New York County (Milton A. Tingling, J.), entered April 1, 2014, after an inquest, awarding plaintiff compensatory and punitive damages in the amount of $75,000 and $50,000, respectively, unanimously modified, on the law and the facts, to reduce the award to $100 compensatory damages and 0 punitive damages, and otherwise affirmed, without costs.

Contrary to plaintiff's argument, this appeal is not barred by res judicata due to defendant's final Chapter 13 bankruptcy plan, which, as confirmed by the bankruptcy court, includes the judgment, and provides for payments to plaintiff that have already commenced. The bankruptcy court had no authority to review defendant's objections to the state court judgment, argued in her brief on this appeal, which was stayed during the course of the Chapter 13 proceeding (see In re Residential Capital, LLC, 501 BR 624, 639 [SD NY 2013] [stating that "a federal trial court cannot sit in the place of a court of appeal reviewing facts or determinations made by state courts"]).

Neither is this appeal barred by the doctrine of judicial estoppel. Defendant's statements, made during the bankruptcy proceeding, that the judgment would be paid in full were made subject to the outcome of defendant's appeal.

The motion court did not err in granting plaintiff's motion for a default judgment as to the defamation claim. Defendant, after being given an opportunity to be heard on the motion, did not provide a reasonable excuse for failing to timely file an answer (Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]).

The evidence does not support an award of more than nominal compensatory damages or any punitive damages.

We have considered the parties' remaining contentions and find them unavailing. Concur—Gonzalez, P.J., Friedman, Renwick, Moskowitz and Clark, JJ.