■ KATHLEEN CARMODY, Appellant, v 208-210 EAST 31ST REALTY, LLC, Respondent. [25 NYS3d 14]—

Order, Supreme Court, New York County (Nancy M. Bannon, J.), entered March 27, 2015, which denied plaintiff's motion for a default judgment against defendant, and granted defendant's cross motion to compel plaintiff to accept its answer, unanimously reversed, on the law, without costs, the motion granted, the cross motion denied, and the matter remanded for an inquest on damages.

The Supreme Court should have granted the default judgment against defendant and denied the cross motion to compel plaintiff to accept an answer, because defendant failed to set forth a reasonable excuse for its default in answering the summons. The record shows that plaintiff served defendant through the Secretary of State on July 14, 2014, and that defendant's property manager received plaintiff's September 4, 2014 letter which had the summons and notice attached. Indeed, the property mananger averred in his affidavit that he received the letter and understood that defendant's time to answer was extended until September 12, 2014 (*see M.R. v 2526 Valentine LLC*, 58 AD3d 530, 531 [1st Dept 2009]). The property manager's conclusory claim that the first attorney he retained "must have dropped the ball" is insufficient to demonstrate a reasonable excuse of law office failure (*see Pryce v Montefiore Med. Ctr.*, 114 AD3d 594, 594-595 [1st Dept 2014], citing *Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789, 790 [1st Dept 2012]).

Moreover, the record shows that defendant's second counsel was aware of the summons and notice on October 29, 2014 and received the November 18, 2014 notice of rejection, but did not seek to compel plaintiff to accept the answer until after plaintiff had moved for a default judgment. Defendant's failure to do anything between November 18, 2014 and January 6, 2015 evinces willfulness even though the length of its delay is not inordinate under the circumstances, and plaintiff failed to satisfy her burden of showing that the delay was prejudicial (*see Whittemore v Yeo*, 99 AD3d 496, 496-497 [1st Dept 2012]). Concur—Renwick, J.P., Andrias, Saxe and Moskowitz, JJ.