Fernandez v Santos (2018 NY Slip Op 03326)





Fernandez v Santos


2018 NY Slip Op 03326


Decided on May 8, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 8, 2018

Sweeny, J.P., Renwick, Mazzarelli, Gesmer, Singh, JJ.


6488 20951/12

[*1]Edna Fernandez, et al., Plaintiffs-Respondents,
v
Willi F. Santos, Defendant, Vigor Leasing Corp, et al., Defendants-Appellants.


Cartafalsa, Slattery, Turpin & Lenoff, New York (Patricia A. Hughes of counsel), for Vigor Leasing Corp, appellant.
Picciano & Scahill, P.C., Bethpage (Keri A. Wehrheim of counsel), for Jill J. Williams, appellant.
Belushin Law Firm, P.C., Brooklyn (Georgette Hamboussi of counsel), for respondents.



Order, Supreme Court, Bronx County (Kenneth L. Thompson Jr., J.), entered on or about November 30, 2016, which, inter alia, granted plaintiffs' motion to vacate a prior order, same court and Justice, entered May 29, 2015, granting the motion of defendant Jill J. Williams and the cross motion of defendant Vigor Leasing Corp. (Vigor) for summary judgment dismissing the complaint and all cross claims as against them, upon plaintiffs' default, unanimously reversed, on the law and the facts, without costs, and the motion to vacate denied.
In 2015, defendants Williams and Vigor separately moved for summary judgment dismissing the complaint as against them. The court granted the motions on plaintiffs' default, and the order was entered May 29, 2015. According to affidavits of service, both defendants served plaintiffs with the default order and notice of entry. More than one year later, by notice dated July 27, 2016, plaintiffs moved to vacate the default, and to serve their opposition papers to the motions for summary judgment.
In support of the motion to vacate, plaintiffs' counsel affirmed that he had timely prepared opposition papers, but due to law office failure, the nature of which counsel failed to describe in any detail, the papers were never filed. Counsel affirmed that he was under the impression the motion was still being considered by the court when he happened to discover the default order. He further affirmed that, despite defendants' sworn affidavits of service, he was never served with the notices of entry of the default order.
Here, in addition to the untimeliness of this CPLR 5015 motion to vacate, the bare and unsubstantiated assertions of law office failure are insufficient to establish a reasonable excuse for the default (see Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]). Moreover, the record shows that plaintiffs had a prior pattern of dilatory conduct, indicating that the default was not an excusable isolated event or inadvertent error (see Roussodimou v Zafiriadis, 238 AD2d 568 [2d Dept 1997]; compare Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411 [1st Dept 2011]). Because plaintiffs failed to provide an acceptable excuse for the default, it is unnecessary to address whether they demonstrated a meritorious cause [*2]of action (see Gonzalez v Praise the Lord Dental, 79 AD3d 550 [1st Dept 2010]). However, were we to reach this issue, we would also find that plaintiffs lacked a meritorious cause of action.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 8, 2018
CLERK