Hertz Vehicles LLC v Westchester Radiology & Imaging, PC (2018 NY Slip Op 03609)





Hertz Vehicles LLC v Westchester Radiology & Imaging, PC


2018 NY Slip Op 03609


Decided on May 17, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 17, 2018

Acosta, P.J., Tom, Mazzarelli, Kern, Singh, JJ.


6620N 161271/14

[*1] Hertz Vehicles LLC, Plaintiff-Respondent,
v
Westchester Radiology & Imaging, PC, et al., Defendants, A.C. Medical, P.C., et al., Defendants-Appellants.


Law Offices of Melissa Betancourt, P.C., Brooklyn (Melissa Betancourt of counsel), for appellants.
Rubin, Fiorella & Friedman LLP, New York (David F. Boucher, Jr. of counsel), for respondent.



Order, Supreme Court, New York County (Debra A. James, J.), entered April 20, 2017, which denied defendants A.C. Medical, P.C. and Vital Chiropractic, P.C.'s motion to vacate a default judgment entered against them and to compel acceptance of their answer, unanimously affirmed, without costs.
Although the motion court found that defendants demonstrated a reasonable excuse for their default but failed to demonstrate a potentially meritorious defense to the action (see CPLR 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]), we find that defendants' proffered excuse was not reasonable (see Gecaj v Gjonaj Realty & Mgt. Corp., 149 AD3d 600, 602 [1st Dept 2017]), and therefore need not determine whether they showed a potentially meritorious defense (see M.R. v 2526 Valentine LLC, 58 AD3d 530, 532 [1st Dept 2009]).
Defendants' counsel's perfunctory and unsubstantiated explanation that, due to a computer inputting error by an unspecified person, the law firm believed that an answer had been filed, may explain defendants' failure to answer timely (see Interboro Ins. Co. v Perez, 112 AD3d 483 [1st Dept 2013]). However, it fails to explain either their continued failure to answer or to take any other steps to appear after they received notices of default or their failure to move to vacate the default judgment until eight months after they received notices of entry of the judgment (see CEO Bus. Brokers, Inc. v Alqabili, 105 AD3d 989 [2d Dept 2013]; Pichardo-Garcia v Josephine's Spa Corp., 91 AD3d 413 [1st Dept 2012]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 17, 2018
CLERK