Matter of Tri-State Consumer Ins. Co. v Hereford Ins. Co. (2018 NY Slip Op 08249)





Matter of Tri-State Consumer Ins. Co. v Hereford Ins. Co.


2018 NY Slip Op 08249


Decided on December 4, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 4, 2018

Acosta, P.J., Renwick, Mazzarelli, Gesmer, Singh, JJ.


7782N 261052/14

[*1] In re Tri-State Consumer Insurance Company, Petitioner-Appellant,
v
Hereford Insurance Company, Respondent-Respondent.


Thomas Torto, New York, for appellant.
Shayne, Dachs, Sauer & Dachs, LLP, Mineola (Jonathan A. Dachs of counsel), for respondent.



Order, Supreme Court, Bronx County (Wilma Guzman, J.), entered on or about June 29, 2017, which denied petitioner Tri-State's motion to vacate the order and judgment (one paper), same court and Justice, entered December 28, 2015, denying upon default Tri-State's petition to vacate two inter-company arbitration awards in favor of respondent Hereford Insurance Company (Hereford) and granting Hereford's cross motion to confirm the arbitration awards, and denied Tri-State's motion to stay enforcement of the judgment, entered February 16, 2016, in Hereford's favor and against Tri-State in the total sum of $111,145.34, unanimously affirmed, without costs.
Although "there exists a strong public policy in favor of disposing of cases on their merits, . . . this policy does not relieve a party moving to vacate a default from satisfying the two-pronged test of showing both (1) a reasonable excuse for the default; and (2) a meritorious defense to the action" (Johnson-Roberts v Ira Judelson Bail Bonds, 140 AD3d 509, 509 [1st Dept 2016]). Despite Tri-State's contention that this Court has excused defaults caused by an attorney's inadvertent failure to make a court appearance due to lack of notice (see Toos v Leggiadro Intl., Inc., 114 AD3d 559 [1st Dept 2014]), "claims of law office failure which are conclusory and unsubstantiated' cannot excuse default" (Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]).
At least two of Tri-State's multiple defaults lack a substantiated excuse - its failure to submit opposition, and its failure to appear at the November 16, 2015 hearing despite counsel's assignment two months prior - and those incidents, in addition to a pattern of dilatory conduct, warrant affirmance of the order on appeal. Since the default was not excusable, Tri-State's motion to vacate the judgment was properly denied, regardless of whether it presented a potentially meritorious defense (Amir M.C.W. v 2343, Inc., 126 AD3d 453, 454 [1st Dept 2015]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 4, 2018
CLERK