Hereford Ins. Co. v Forest Hills Med., P.C. (2019 NY Slip Op 03926)





Hereford Ins. Co. v Forest Hills Med., P.C.


2019 NY Slip Op 03926


Decided on May 21, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 21, 2019

Sweeny, J.P., Renwick, Tom, Kapnick, Oing, JJ.


9370 152680/16

[*1]Hereford Insurance Company, Plaintiff-Appellant,
v
Forest Hills Medical, P.C., et al., Defendants, Art of Healing Medicine, P.C., et al., Defendants-Respondents.


Goldberg, Miller & Rubin, P.C., New York (Harlan R. Schreiber of counsel), for appellant.
The Rybak Firm, PLLC, Brooklyn (Maksim Leyvi of counsel), for respondents.



Order, Supreme Court, New York County (Shlomo Hagler, J.), entered June 13, 2018, which granted the motion of defendants VP Chiropractic Adjustment, P.C., Acuneed, LLC, and Art of Healing Medicine, P.C. (collectively, movant defendants) to vacate the default judgment entered against them August 9, 2016, unanimously reversed, on the law and the facts, without costs, and the motion to vacate denied.
Although movant defendants' motion to vacate was timely (CPLR 2103[b][2]), "(a) defendant seeking to vacate a default under [CPLR 5015(a)(1)] must demonstrate a reasonable excuse for its delay in appearing and answering the complaint and a meritorious defense to the action" (Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Here, movant defendants' excuse of law office failure for failing to timely answer because the proposed answer was inadvertently filed with another action was unsubstantiated and insufficient (see Fernandez v Santos, 161 AD3d 473 [1st Dept 2018]; Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789 [1st Dept 2012]).
Moreover, movant defendants failed to demonstrate a meritorious defense. The failure by the occupants of the vehicle to subscribe and return the transcripts of their examinations under oath violated a condition precedent to coverage and warranted denial of the claims (see Hertz Vehs., LLC v Gejo, LLC, 161 AD3d 549 [1st Dept 2018]).
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MAY 21, 2019
DEPUTY CLERK