Malon 433, Inc. v Metro Elec. Contrs., Inc. (2019 NY Slip Op 08630)





Malon 433, Inc. v Metro Elec. Contrs., Inc.


2019 NY Slip Op 08630


Decided on December 3, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 3, 2019

Friedman, J.P., Oing, Singh, Moulton, JJ.


10464 153166/17

[*1] Malon 433, Inc., Plaintiff-Respondent,
v
Metro Electrical Contractors, Inc., Defendant-Appellant, Mayer Weber, Defendant.


Alter & Barbaro, Brooklyn (Nichole Bishop Castillo of counsel), for appellant.
Peyrot & Associates, P.C., New York (David C. Van Leeuwen of counsel), for respondent.



Judgment, Supreme Court, New York County (Paul A. Goetz, J.), entered December 5, 2018, after inquest, awarding plaintiff the total amount of $88,228.67, and bringing up for review orders, same court and Justice, entered September 25, 2018 and December 3, 2018, respectively, which denied defendant Metro Electrical Contractors, Inc.'s motions to vacate the default and to set aside the inquest, unanimously affirmed, with costs.
Defendant failed to demonstrate both evidence of excusable default and a meritorious defense (CPLR 5015[a]; US Bank N.A. v Brown, 147 AD3d 428, 429 [1st Dept 2017]). Although a court has discretion to treat a motion made under CPLR 5015(a) as having been made as well under CPLR 317, which does not require defendant to show reasonable excuse for its default, but only a showing of a meritorious defense, here defendant does not deny receiving the initial papers (see M.R. v 2526 Valentine LLC, 58 AD3d 530, 531 [1st Dept 2009]; cf. Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138 [1986]). Defendant acknowledges that plaintiff served the summons and complaint on the Secretary of State, who then sent them to defendant. The papers, however, allegedly were misplaced by an agent of the office. This excuse is insufficient to warrant vacating the default judgment (see e.g. Carmody v 208-210 E. 31st Realty, LLC, 135 AD3d 491 [1st Dept 2016]). Furthermore, the Judicial Hearing Officer's determination as to damages was supported by the evidence, and the order directing inquest did not contemplate further action.
We have considered defendant's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: DECEMBER 3, 2019
CLERK