Harris v City of New York (2021 NY Slip Op 01358)





Harris v City of New York


2021 NY Slip Op 01358


Decided on March 09, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 09, 2021

Before: Gische, J.P., Singh, Moulton, González, JJ. 


Index No. 102620/06 Appeal No. 13301N Case No. 2020-01182 

[*1]Stanton Harris, Plaintiff-Appellant, Nickita Gordon, Plaintiff,
v
The City of New York, et al., Defendants-Respondents.


Stanton Harris, appellant pro se.
James E. Johnson, Corporation Counsel, New York (Ellen Ravitch of counsel), for respondents.



Order, Supreme Court, New York County (Lyle E. Frank, J.), entered November 25, 2019, which denied plaintiff's motion to vacate an order, same court, (Judith N. McMahon, J.), entered February 8, 2019, dismissing the complaint with prejudice, unanimously affirmed, without costs
The motion court providently exercised its discretion in finding that plaintiff has not proffered any reasonable excuse for the default (see CPLR 5015[a][1]; Navarro v A. Trenkman Estate, Inc., 279 AD2d 257, 258 [1st Dept 2001]). Plaintiff's contention that he did not appear for trial on January 28, 2019 because he made a calendaring error at the October 2018 pretrial conference, is directly belied by the transcript of that conference.
As to his failure to appear at the February 4 adjourned date, plaintiff contends, in sum, that defendants have failed to prove that he ever received notice of the new date. Defense counsel's affirmation, attesting that she mailed the letter to plaintiff's last recorded address, meets defendants' burden of showing that they mailed the letter notifying plaintiff of the adjournment date to the proper address (see CPLR 2103[b][2]; Engel v Lichterman, 62 NY2d 943, 944-945 [1984]).
Plaintiff points to defendants' admission that they have misplaced the certified mail receipts and tracking number, and argues that defendants have therefore failed to prove that they mailed him the letter or that he received it. This argument is unavailing in light of counsel's properly executed affirmation of service. In any event, all of plaintiff's arguments relating to proof of mailing are completely obviated by his admission in his appellant's brief that, as early as February 2017, some two years prior to the trial date and attempted mailing, he had moved from his Brooklyn record address to a new address in Queens. Defendants properly attempted to serve plaintiff at his "last known address" (CPLR 2103[b][2]; see CPLR 2103[c] [service on party]), and plaintiff thus bears all of the blame for failing to receive notice.
Since plaintiff has failed to show a reasonable excuse for his default, his motion to vacate must be denied regardless of whether he has a potentially meritorious claim (see Hertz Vehs. LLC v Westchester Radiology & Imaging, PC, 161 AD3d 550, 550 [1st Dept 2018]; M.R. v 2526 Valentine LLC, 58 AD3d 530, 532 [1st Dept 2009]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 9, 2021