Acevedo v Mojica (2021 NY Slip Op 06791)





Acevedo v Mojica


2021 NY Slip Op 06791


Decided on December 07, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 07, 2021

Before: Renwick, J.P., Mazzarelli, Singh, Mendez, Higgitt, JJ. 


Index No. 302652/14 Appeal No. 14780 Case No. 2021-01675 

[*1]Guadalupe Acevedo, Plaintiff-Respondent,
v
Richard Mojica, Defendant-Appellant.


Parker Pohl LLP, New York (David M. Pohl of counsel), for appellant.
Pavlounis & Sfouggatakis LLP, Brooklyn (Daniel E. Sully of counsel), for respondent.



Order, Supreme Court, Bronx County (Doris M. Gonzalez, J.), entered May 12, 2021, which denied defendant's motion pursuant to CPLR 5015(a) to vacate a default judgment entered against him, unanimously affirmed, without costs.
Defendant's answer was stricken as a result of his failure to appear for trial after notices were sent to him advising him of the trial date and the adjourned date (see 22 NYCRR 202.27[a]). In its order the court noted that it had directed plaintiff to serve defendant with notice of the adjourned date and that plaintiff had submitted proof of such service. Defendant also failed to appear at the inquest after notice was sent and failed to oppose the entry of judgment after admittedly receiving notice of the settlement of the judgment.
In support of his motion to vacate the default judgment, defendant offered only a blanket denial of receipt of all notices in the action other than the notice of the settlement of the judgment. This denial is insufficient to rebut plaintiff's showing, through properly executed affidavits of service, that defendant was served by mail with notice of the trial date and the adjourned date, as well as the order striking his answer, at the address that he designated in his answer (see Engel v Lichterman, 62 NY2d 943 [1984]; Grinshpun v Borokhovich, 100 AD3d 551, 552 [1st Dept 2012], lv denied 21 NY3d 857 [2013]; CPLR 2103[b][2], [c]).
In the absence of a reasonable excuse for defendant's default in appearing, we need not determine whether defendant has a meritorious defense (Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC, 95 AD3d 789, 790 [1st Dept 2012]).
We have considered defendant's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 7, 2021