Matter of 170 W. End Ave. Owners Corp. v Centennial El. Indus. Inc.
2026 NY Slip Op 03759
June 16, 2026
Appellate Division, First Department
Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.
This decision is uncorrected and subject to revision before publication in the Official Reports.

In the Matter of 170 West End Avenue Owners Corporation, etc., Petitioner-Respondent,
v
Centennial Elevator Industries Inc., Respondent-Appellant.

Decided and Entered: June 16, 2026
Index No. 160333/23|Appeal No. 6893-6894|Case No. 2025-01991, 2025-05569|
Before: Webber, J.P., Kapnick, Gesmer, Rodriguez, Rosado, JJ.

LoPresti Law, PLLC, Massapequa (Genevieve Lane LoPresti of counsel), for appellant.
Seyfarth Shaw LLP, New York (Eddy Salcedo of counsel), for respondent.

[*1]
Order, Supreme Court, New York County (Kathleen Waterman-Marshall, J.), entered November 6, 2024, which insofar as appealed from as limited by the briefs, granted petitioner 170 West End Avenue Owners Corporation's petition to extinguish a mechanic's lien and directed exoneration of the bond, and denied respondent Centennial Elevator Industries Inc.'s motion for substitution of counsel, vacatur of the default, and for additional time to file a notice of pendency and foreclose on its lien, and order, same court and Justice, entered on or about December 5, 2024, which exonerated the bond and returned the funds to petitioner, unanimously affirmed, without costs.
Petitioner owns the common condominium elements of the property at 170 West End Avenue, a cooperative building. Petitioner engaged Centennial to perform maintenance on several elevators at the property. On September 9, 2022, Centennial, through its general counsel, filed a mechanic's lien against the property. On or about November 15, 2022, petitioner discharged the lien from the property by filing a bond for 110% of the lien amount. By petition dated October 20, 2023, petitioner sought to extinguish the lien and to exonerate the bond, as a year had passed since the filing of the lien without Centennial commencing an action to foreclose or continue the lien (see Lien Law § 17). Although Centennial was undisputedly personally served with the order to show cause and petition, Centennial did not appear in the matter or request an adjournment until after the November 22, 2023 deadline to respond had passed.
Centennial was not entitled to a stay of the proceedings and substitution of counsel pursuant to CPLR 321[c] because Centennial's outside counsel died in August 2023, prior to the commencement of these proceedings, and therefore never appeared in this action (see CPLR 321[c]; Finnegan v NFT-Metro Bus Sys., 101 AD2d 1010, 1010-1011 [4th Dept 1984], affd 63 NY2d 1018 [1984]).
[*2]
The court providently exercised its discretion by denying Centennial's motion for vacatur of its default under CPLR 5105(a)(1), as Centennial failed to offer a reasonable excuse (see SOS Capital v Recycling Paper Partners of PA, LLC, 220 AD3d 25, 38 [1st Dept 2023]; Goldman v Cotter, 10 AD3d 289, 291 [1st Dept 2004]). Although Centennial did not unduly delay its motion, Centennial offered essentially no explanation for its failure to appear or request an adjournment before the November 22nd deadline (see Forest Walnut LLC v Abizker, 224 AD3d 408, 409 [1st Dept 2024]). Centennial generally asserted that retained outside counsel had died several months earlier, and Centennial was unaware that matters related to the lien were not being taken care of. However, Centennial's conclusory assertions are insufficient to vacate the default (see U.S. Bank N.A. v Wei Feng Zhu, 238 AD3d 628, 629 [1st Dept 2025] ["bare allegation of law office failure does not constitute a reasonable excuse"]; Carmody v 208-210 E. 31st Realty, LLC, 135 AD3d 491 [1st Dept 2016] ["conclusory claim" that a prior attorney "'must have dropped the ball' is insufficient to demonstrate a reasonable excuse of law office failure"]).
Further, the lien expired by operation of law in September of 2023, as Centennial undisputedly did not foreclose on the lien or file an extension during the one-year period (see Lien Law § 17; Noce v Kaufman, 2 NY2d 347, 351 [1957]; 240-35 Assoc. v Major Bldrs. Corp., 234 AD2d 234, 234 [1st Dept 1996]). A lienor may no longer bring a claim to foreclose on or extend an expired lien (see JDS Constr. Group LLC v Copper Servs., LLC, 247 AD3d 412, 413 [1st Dept 2026]). Accordingly, vacatur of the lien and exoneration of the bond was appropriate (see Matter of Flintlock Realty & Constr. Corp. [Grawer Bear Constr. Corp.], 188 AD2d 532, 533 [2d Dept 1992]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 16, 2026