Matter of Matthew P. v Linnea W. (2021 NY Slip Op 05171)





Matter of Matthew P. v Linnea W.


2021 NY Slip Op 05171


Decided on September 30, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: September 30, 2021

Before: Manzanet-Daniels, J.P., Kern, Oing, Rodriguez, Higgitt, JJ. 


Docket No. O-2892-20, V-2893-20, V-3036-20, O-4643-20 Appeal No. 14247-,14247A Case No. 2020-02561 

[*1]In the Matter of Matthew P. etc., Petitioner-Appellant,
v
Linnea W., Respondent-Respondent.
In the Matter of Linnea W. etc., Petitioner-Respondent,
v
Matthew P., Respondent-Appellant.


The Kepanis Law Firm, P.C., New York (Douglas S. Kepanis of counsel), for appellant.
Leslie S. Lowenstein, Woodmere, for respondent.



Orders, Family Court, New York County (Emily Ruben, J.), entered on or about May 28, 2020, which, inter alia, denied petitioner father's motion to extend an existing temporary order of protection (TOP) against respondent mother in favor of the father and the child, and modified a prior temporary order of custody permitting the mother unsupervised visitation with the child on alternating weeks, unanimously modified, on the facts and as matter of discretion, to the extent of extending the TOP in favor of the father to the extent that the mother is directed to stay away from the father, his homes, and his place of employment, to refrain from all communication with the father, and to refrain from committing crimes against him until October 14, 2021 or further court order, and denying the mother unsupervised visitation with the child but to allow her supervised visitation three times a week or as agreed to between the parties until hearing and determination on the parties' petitions or further court order, and otherwise affirmed, without costs.
The father showed good cause for a tailored TOP against the mother in his favor (see Family Ct Act § 828). The father's pending family offense petition indicated that the mother repeatedly sent numerous unsolicited text messages to him in which she, inter alia, criticized him and his children from a prior marriage, threatened to confront the father, his eldest child, and his ex-wife, threatened to abscond with the child, threatened to destroy the father's personal property, and threatened to leave the child unattended. The mother did not comply with the father's periodic requests that she stop sending him such messages. The father's family offense petition also indicated that the mother had refused to vacate his Hamptons home despite the fact that she lived in an apartment in Manhattan. Furthermore, the parties' arguments and testimony at the May 28, 2020 appearance indicated that on March 13, 2020, the mother left the child unattended at home for more than 20 minutes, that the mother was then arrested, and that the New York City Administration for Children's Services entered an indicated finding as a result of that incident. Based on the foregoing, the father was entitled to continued protection from the mother.
However, the father failed to show good cause to extend the TOP issued against the mother on behalf of the child. Any risk of the mother abandoning or absconding with the child was sufficiently mitigated by a referee temporarily granting sole custody to the father. Family Court improvidently exercised its discretion in permitting the mother to have unsupervised access to the child. It is undisputed that the mother endangered the welfare of the child by leaving her alone, and that prior to that incident, the mother threatened to leave the child unsupervised and to take the child to Italy without the father's permission. The mother's explanations of her actions fall short and do not establish [*2]that she no longer poses a risk to the child.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: September 30, 2021