Wagman v Morgan Stanley Children's Hosp. of N.Y. Presbyt. (2023 NY Slip Op 05214)

Wagman v Morgan Stanley Children's Hosp. of N.Y. Presbyt.

2023 NY Slip Op 05214

Decided on October 12, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 12, 2023

Before: Webber, J.P., Kern, Singh, Scarpulla, Rosado, JJ. 

Index No. 160709/21 Appeal No. 771[M-3778] Case No. 2022-05622 

[*1]Judith Wagman et al., Plaintiffs-Respondents,
v
Morgan Stanley Children's Hospital of New York Presbyterian et al., Defendants-Appellants.

Mauro Lilling Naparty LLP, Woodbury (Seth M. Weinberg of counsel), for appellants.
Blank & Star, Brooklyn (Helene E. Blank of counsel), for respondents.

Order, Supreme Court, New York County (Adam Silvera, J.), entered November 21, 2022, which granted plaintiffs' motion pursuant to CPLR 3126 to strike defendants' answer for spoliation of evidence, unanimously affirmed, without costs.
Plaintiff Judith Wagman was injured when she slipped and fell in the 6th-flooor reception area of defendant hospital. The accident was captured on camera from two different angles.
To support the extreme sanction of striking a pleading for spoliation, the movant must show that the evidence was crucial and discarded in bad faith or, in the case of ordinary negligence, that the missing evidence, the sole means of pursuing or defending the claim or defense, was otherwise fatally compromised by the spoliation, or the claimant or defendant had become prejudicially bereft of being able to pursue its claim or defend against one (Rossi v Doka USA, Ltd., 181 AD3d 523, 525-526 [1st Dept 2020]; see also Robertson v New York City Hous. Auth., 58 AD3d 535, 536 [1st Dept 2009]).
Here, although plaintiffs took all steps available to preserve the video footage of the accident, including requesting within days of the slip and fall that defendants preserve the 48 hours of footage prior to the accident, defendants failed to preserve the pre-accident footage. The record reflects that defendants received plaintiffs' preservation letter and had preserved the footage. Defendants, however, only provided plaintiffs with video footage showing the approximately 12 seconds prior to plaintiff's slip and fall and failed to explain what happened to the other pre-accident footage.
Although defendants did not raise the issue of prejudice below, "we may consider a legal argument that appears on the face of the record and could not have been avoided if it had been raised" (Miller-Francis v Smith-Jackson, 113 AD3d 28, 37 [1st Dept 2013]). Nevertheless, the footage from the period before plaintiff's slip and fall was crucial to plaintiffs' proof of notice. It would have shown the origin of the substance plaintiff allegedly slipped on, and how long the condition existed. Thus, the court providently exercised its discretion in granting plaintiffs' motion to strike defendants' answer for spoliation of evidence (see Davis v Pathmark, 162 AD3d 563, 563 [1st Dept 2018]).
Contrary to defendants' position, pleadings may be struck for spoliation in the absence of court-ordered discovery (see Kirkland v New York City Hous. Auth., 236 AD2d 170, 174-175 [1st Dept 1997]).
We have considered defendants' remaining contentions and find them unavailing.
M-3778 — Wagman, et al. v Morgan Stanley Children's Hospital of New York Presbyterian, et al.
Motion by defendants for stay of jury selection and inquest, denied.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 12, 2023