| |
|---|
| **Schecht v Starbucks Corps.** |
| 2024 NY Slip Op 31046(U) |
| March 28, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 158469/2019 |
| Judge: Adam Silvera |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
## NEW YORK COUNTY

PRESENT:   **HON. ADAM SILVERA**                          PART                  **13**

_Justice_

-------------------------------------------------------------------X

LESLIE SCHECHT,

                            Plaintiff,

                - v -

STARBUCKS CORPORATIONS, STARBUCKS COFFEE
COMPANY, BPP PCV OWNER LLC,STUYVESANT
TOWN/PETER COOPER VILLAGE

                         Defendant.

-------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 158469/2019 |
| MOTION DATE | 10/02/2023 |
| MOTION SEQ. NO. | 003 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 79, 80, 81, 82, 83, 84, 85, 86, 87, 88, 89, 91, 92, 93, 94, 103, 104, 107

were read on this motion to/for                         STRIKE PLEADINGS                         .

Upon the foregoing documents, and after oral arguments, it is ordered that plaintiff's motion seeking to strike defendants' answer, or alternative to preclude defendants from contesting notice, is granted in accordance with the decision below.

In this personal injury action, plaintiff moves to strike defendants' answer for spoliation of evidence, or to preclude. Plaintiff alleges that on September 27, 2016, she tripped and fell inside of a Starbucks coffee shop near the cash register on a raised, defective tile. Plaintiff argues that defendants were aware of the exact date, time, and location of plaintiff's accident as the accident occurred inside of a Starbucks coffee shop where Starbucks employees were present, immediately came to her aid, and filled out an incident report indicating the date and time of plaintiff's accident. According to plaintiff, on October 5, 2016, plaintiff returned to the store to request the accident report, advising defendants that she would "pursue this", which defendant's representative conceded constitutes a claim such that the video surveillance should have been

**158469/2019  SCHECHT, LESLIE vs. STARBUCKS CORPORATIONS**
**Motion No.  003**

Page 1 of 4

[* 1]

1 of 4

preserved. *See* Affirmation in Support, dated September 30, 2023, ¶19. Despite this, video surveillance of plaintiff's accident was destroyed. It is undisputed that defendants failed to preserve video of plaintiff's accident. It is further undisputed that defendants produced only the video immediately following plaintiff's accident, the video starting when plaintiff had already fallen and was on the floor. Defendants oppose and plaintiff replies.

"Under the common law doctrine of spoliation, a party may be sanctioned where it negligently loses or intentionally destroys key evidence". *Hegbeli v TJX Companies, Inc.*, 64 Misc3d 1202(A)(Sup Ct. NY County 2019), citing *McDonnell v Sandaro Realty, Inc.*, 165 AD3d 1090, 1094-1095 (2nd Dep't 2018). "A party that seeks sanctions for spoliation of evidence must show that the party having control over the evidence possessed an obligation to preserve it at the time of its destruction, that the evidence was destroyed with a culpable state of mind, and that the destroyed evidence was relevant to the party's claim or defense such that the trier of fact could find that the evidence would support that claim or defense". *Pegasus Aviation I, Inc. v Varig Logistica, S.A.*, 26 NY3d 543, 547 (2015).

Here, plaintiff has established that defendants knew of plaintiff's accident and had the date and time of such accident. In fact, defendants' own incident report noted the time of the accident at 11:00am and ending at 12:30pm. Plaintiff further established that plaintiff spoke with an employee of defendant Starbucks prior to the destruction of the video and that such employee deemed plaintiff's notice as a claim. It is uncontroverted that defendants failed to preserve the video despite knowing there would be a claim. In opposition, defendants argue that the instant motion must be denied as defendants exhibited no willful or contumacious behavior, and that plaintiff has not shown that defendant Starbucks willfully destroyed the video. Defendants argue that video surveillance was preserved, however, the time of the preserved video was based upon

**158469/2019   SCHECHT, LESLIE vs. STARBUCKS CORPORATIONS**                    **Page 2 of 4**
**Motion No.  003**

[* 2]

2 of 4

a mistake in the time defendant allegedly believed the accident took place. According to defendants, plaintiff took pictures of the alleged defect and can describe the accident and how she fell such that plaintiff can still prosecute her case.

Despite defendants' arguments, it is undisputed that defendants were aware of the subject accident and that plaintiff would be pursuing a claim but failed to preserve the video at the correct time which was noted in defendants' own report. Furthermore, plaintiff correctly argues that the destruction of the video has hindered plaintiff's ability to defend against defendants' claims that plaintiff did not trip on the defect, but rather she just tripped on her own feet, as argued in defendants' motion for summary judgment pending sub judice. In a recent decision, the First Department held that "the footage from the period before plaintiff's slip and fall was crucial to plaintiff's proof of notice. It would have shown the origin of the substance plaintiff allegedly slipped on, and how long the condition existed." *Wagman v Morgan Stanley Children's Hosp. of N.Y. Presbyterian, et. al.*, 220 AD3d 502, 503 (1st Dep't 2023). Similarly, here, the evidence which was destroyed was relevant to, and could have been used to support, plaintiff's claim, to show notice of the alleged condition, and to defend against defendants' allegation that plaintiff just tripped over her own feet. The Appellate Division has held that "if the moving party is still able to establish or defend a case, then a sanction less severe than striking the pleadings of the offending party is appropriate". *Hegbeli*, 64 Misc3d 1202(A), citing *Peters v Hernandez*, 142 AD3d 980, 981 (2nd Dep't 2016). As such, plaintiff's motion is granted to the extent that defendants are hereby precluded from contesting causation and liability in any substantive motion and at trial.

Accordingly, it is

158469/2019  SCHECHT, LESLIE vs. STARBUCKS CORPORATIONS
Motion No.  003

Page 3 of 4

[* 3]

ORDERED that plaintiff's motion is granted to the extent that defendants are precluded from contesting causation and liability in any substantive motion and at trial; and it is further

ORDERED that the parties shall appear on April 3, 2024 at 9:30am, in room 422 of 60 Centre Street, New York, NY, for a settlement conference; and it is further

ORDERED that, within 30 days of entry, plaintiff shall serve upon all parties to this action a copy of this decision and order, together with notice of entry.

This constitutes the Decision/Order of the Court.

| 3/28/2024 | | | | |
|-----------|---|---|---|---|
| DATE | | | ADAM SILVERA, J.S.C. | |

| CHECK ONE: | | CASE DISPOSED | X | NON-FINAL DISPOSITION | |
|------------|---|---------------|---|----------------------|---|
| | X | GRANTED | | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | | REFERENCE |

158469/2019   SCHECHT, LESLIE vs. STARBUCKS CORPORATIONS
Motion No.  003

Page 4 of 4

[* 4]