Linnea W. v State of New York (2024 NY Slip Op 50651(U))

[*1]

Linnea W. v State of New York

2024 NY Slip Op 50651(U)

Decided on May 21, 2024

Court Of Claims

Vargas, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 21, 2024
Court of Claims

Linnea W., Individually and on Behalf of Minor Daughter V.P.,[FN1] Claimants,

against
The State of New York, Defendant.

Claim No. 141479

For Claimants:
Linnea W., Pro Se
For Defendant:
Hon. Letitia A. James, Attorney General
of the State of New York
By: Felice Torres, Esq., Assistant Attorney General

Javier E. Vargas, J.

Papers Considered:
Notice of Motion, Affirmation & Exhibits Annexed 1-4
Affidavit in Opposition & Exhibit Annexed 5-6
Reply Affirmation 7
Sur-Reply to Motion to Dismiss and Default Judgment & Exhibits 8-9
Upon the foregoing papers and for the following reasons, the Motion by Defendant, State of New York (hereinafter "State") to dismiss the "Article 78 Verified Petition" (hereinafter referred to as "Claim") by Claimant Linnea W. (hereinafter "claimant"), is granted in accordance with the following decision.
On November 25, 2023, the claimant filed a 50-page Claim, accompanied by 187 pages of voluminous exhibits, against the State for judgment "pursuant to CPLR Article 78 to challenge the conduct, actions and inactions" of New York County Family Court Judge Gigi N. Parris, as [*2]well as other court employees, New York City, Suffolk County, Town of Southampton, District Attorney and State agencies, embroiled in pending acrimonious family offense, custody and visitation proceedings between her and her former partner, Matthew Parrott, Esq., involving their six year-old daughter, V.P. (Claim, at 3, ¶ 8) The crux of claimant's challenges concern Family Court orders, including Temporary Orders of Protection issued by Judge Parris, the most recent expiring on June 12, 2024, that have resulted in her staying away and not being able to visit with her child unsupervised since March 2023 (see Claim, Exh. C). 
In the Claim, she makes numerous allegations against the State and its agencies, including the Family Court, Appellate Division, City of New York and New York State Commission of Judicial Conduct, that, basically, they have all condoned and reinforced the alleged fraud committed against her by Mr. Parrott and counsel in the courts. In addition to taking issue with many of the events in her custody litigation, the claimant also decries the state of the Family Court itself and District Attorneys in New York. As a result, the claimant asks in her Claim for judgment to be entered pursuant to Article 78, directing, among other things: "a mistrial" of the Family Court proceedings; transfer to the Supreme Court with no further involvement by Judge Parris or her Court Attorney Ashley Mullin, Esq.; dismissal of Lawyer's for Children as Attorney for the Child; removal of Judge Parris from the bench; an award of sole custody of V.P. to her; no contact orders of protection against the father, his attorney and the AFC; that the State immediately take over supervision, control, administration, management and oversight of all Family Courts; and revocation of all ex-parte and sua sponte orders followed by a full evidentiary hearing (see Claim at 43-46, ¶¶ a-n). In addition, the claimant seeks the vacatur of the Family Court Temporary Orders of Protection and all orders issued by Judge Parris, as well as monetary damages in excess of $9,000,000 (see id. at 46-49).
By Notice of Motion filed January 9, 2024, the State moves for a pre-answer dismissal of the Claim, pursuant to Court of Claims Act §§ 9 and 10, CPLR 3211 and/or 3212, arguing that this Court does not have subject matter jurisdiction to entertain equitable claims raised by the claimant against the State, nor jurisdiction to review the decision, rulings and actions of other courts. Specifically, the State maintains that the claimant is improperly seeking review of the custody and family offense decisions of the similarly situated Family Court and Supreme Court, and that, in any event, Judge Parris and court personnel are shielded from liability under the doctrine of absolute immunity from suit for their discretionary judicial and quasi-judicial actions. Further, the States argues that this Court also lacks jurisdiction to determine her alleged constitutional violations under the Federal and State constitutions, thus requiring the dismissal of the Claim. 
By Affidavit in Opposition filed February 13, 2024, the claimant counters that the Court of Claims has jurisdiction over this Claim pursuant CPLR Article 78, because she has alleged sufficient facts which establish causes of action for the negligent and criminal actions allegedly committed by the State and its agencies against her in permitting, inter alia, a Family Court Judge to continue presiding over her proceedings despite improprieties, including having ex-parte proceedings and using her sealed criminal records in the pending custody and family offense proceedings in violation of the criminal code. According to claimant, the State should be liable for at least $1 million for each of the various alleged criminal acts because all of the many Temporary Orders of Protection are illegal and violate the Family Court Act and Social Services [*3]Law. Finally, she argues that the State does not have immunity for its agencies' illegal actions since it has the legislative power and control over the Family Court Judge presiding over her case, the New York City Mayor, District Attorney and the Town of Southampton, as evidenced by several reports issued throughout the years about the state of the courts.
By Reply Affirmation filed February 27, 2024, the State maintains that this Court lacks subject matter jurisdiction over the Claim and reiterates that it must be dismissed. The claimant then filed a Sur-Reply Affidavit on March 4, 2024, repeating her prior arguments in opposition to the Motion. Upon reading all the papers herein, this Court agrees with the State.
"The Court of Claims has limited jurisdiction to hear actions against the State itself or actions naming State agencies or officials as defendants, where the action is, in reality one against the State - i.e., where the State is the real party of interest" (Borawski v Abulafia, 117 AD3d 662, 663 [2d Dept 2014]). It possesses only such jurisdiction as the State legislature expressly confers upon it (see Ivey v State of New York, 138 AD2d 962 [4th Dept 1988]; Court of Claims Act § 9). That being said, the Court of Claims may not review the decisions of other courts and has no jurisdiction to intervene in ongoing court matters or to review judicial rulings made in connection therewith (see Leonichev v NYC Civil Hous. Court, UID No. 2016-049-044 [Ct Cl, Weinstein, J., December 2, 2016]; Martocci v County of Ulster, UID No. 2001-028-557 [Ct Cl, Sise, J., September 6, 2001]). "'[B]ecause suits against the State are allowed only by the State's waiver of sovereign immunity and in derogation of the common law, statutory requirements conditioning suit must be strictly construed'" (Lichtenstein v State of New York, 93 NY2d 911, 913 [1999], quoting Dreger v New York State Thruway Auth., 81 NY2d 721, 724 [1992]; Correa v State of New York, 208 AD3d 847 [2d Dept 2022]).
Applying these principles to the matter at bar, the State has sufficiently established that this Court does not have subject matter jurisdiction to entertain the instant Claim and it must be dismissed. The record is quite clear that claimant files her Claim for "judgment pursuant to Article 78 of the [CPLR]" and that she wants this Court to grant her equitable relief pursuant to that statute (Claim, at 1, 3, ¶ 8). However, CPLR article 78 establishes an exclusive procedure for challenging the determinations of administrative agencies, public bodies or officers as "arbitrary and capricious" (Matter of Gross v Perales, 72 NY2d 231, 235 [1988]; see CPLR 7803), are to be commenced specifically "in the supreme court in the county" (CPLR 7804[b]). It is not to be used to challenge determinations which "can be adequately reviewed by appeal to a court or to some other body or officer" (CPLR 7801[1]). This Court as a court of limited jurisdiction, clearly lacks the authority to review CPLR article 78 administrative determinations (see Court of Claims Act § 9).
Even if the instant Claim were appropriately brought under the Court of Claims Act, it does not satisfy any of the Court of Claims Act § 11(b) requirements, as the claimant fails to specify an accrual date, the nature of the claims or any cause of action cognizable under the Court of Claims Act (see Lepkowski v State of New York, 1 NY3d 201, 207 [2003]; Kimball Brooklands Corp. v State of New York, 180 AD3d 1031, 1032 [2d Dept 2020]). Indeed, as a court of limited jurisdiction, the Court of Claims has no jurisdiction to grant strictly equitable relief (see Madura v State of New York, 12 AD3d 759, 760 [3d Dept 2004]). "Thus, in determining the subject matter jurisdiction of the Court of Claims, the threshold question is '[w]hether the essential nature of the claim is to recover money, or whether the monetary relief is [*4]incidental to the primary claim'" (id., quoting Matter of Gross v Perales, 72 NY2d 231, 236). Although the claimant here characterizes her petition as seeking money damages exceeding $9,000,000, it is transparently clear - as repeatedly stated throughout her Claim - that she is seeking to punish all persons connected to her current predicament with equitable relief in declaring a mistrial, removing Judge Parris from the bench, and reversing all the Family Court orders which deprived her of access to her daughter. 
However, it is well-settled that the Court of Claims cannot sit in appellate review of another court's decision (see Davis v Bronx Sup. Ct. Civil Term, UID No. 2019-049-025 [Ct Cl, Weinstein J., July 25, 2019]; Kingston v State of New York, UID No. 2016-049-033 [Ct Cl, Weinstein, J., August 17, 2016]), especially of a court which is acting within her judicial functions and is "cloaked with absolute judicial immunity" (Gross v State of New York, 11 Misc 3d 1084[A], 2006 NY Slip Op 50702[U] [Ct Cl 2006, affd for reasons stated below 37 AD3d 1062 [4th Dept 2007], lv denied 8 NY3d 811 [2007], cert denied 552 US 889 [2007]; see Pinto v Wilhelm, UID No. 2022-038-549 [Ct Cl, DeBow, J., November 22, 2022]). It is, therefore, apparent from this record that any claims for money damages are merely incidental to the claimant's primary equitable goals which cannot be achieved here.
As the State points out, the proper procedure for the claimant is to appeal the Family Court decisions to the Appellate Division, which she seems to be well aware of as she had so appealed on numerous occasions (see e.g., Matter of Matthew P. v Linnea W., 220 AD3d 502 [1st Dept 2023] [no counsel fees for claimant]; Matthew P. v Linnea W., 197 AD3d 1070 [1st Dept 2021] [Order of Protection against claimant upheld and directing her only supervised visitation with child]). In fact, the claimant appears to be a prolific litigator who has brought similar allegations against the City, Family Courts, Appellate Divisions and Judge Parris in New York County Supreme Court, albeit unsuccessfully (see W. v City of New York, 2024 NY Slip Op 30960[U] [NY Sup Ct, Bluth, J., 2024]), and now seeks the same or similar relief herein against the State.
Having failed to bring her Claim for CPLR Article 78 relief in an inappropriate forum, and having failed to comply with the provisions of the Court of Claims Act, this Court finds that the Claim must be dismissed for lack of subject matter jurisdiction and for failure to state cognizable causes of action, even under constitutional law (see Rosenblatt v State of New York, 28 Misc 3d 1216[A] [Ct Cl, Vargas, J., March 27, 2024]; Leibovitz v State of New York, 81 Misc 3d 1218[A] [Ct Cl, Vargas, J. December 13, 2023]; Court of Claims Act §§ 9, 10, 11).
Based on the foregoing, the Court grants the State's Motion No. M-100329, and the Claim No. 141479, is hereby dismissed.
New York, New York
May 21, 2024
Hon. JAVIER E. VARGAS
Judge of the Court of Claims

Footnotes

Footnote 1: It should be noted that the claimant does not appear to have the legal capacity to commence this action on behalf of her daughter, V.P., as she does not have legal custody or guardianship of the minor.