■ SINIA PAGAN, Appellant, v ESTATE OF PEDRO ANGLERO, Deceased, et al., Defendants, and OLGA SHEPPS et al., Respondents. [802 NYS2d 47]—

Order, Supreme Court, Bronx County (Janice L. Bowman, J.), entered August 30, 2004, which denied plaintiff's motion to vacate the prior order, same court and Justice, entered July 24, 2003, dismissing the action for want of prosecution, and to restore the action to active status, unanimously reversed, on the law, the facts and in the exercise of discretion, without costs, plaintiff's motion granted and the complaint reinstated on the condition that plaintiff's attorney pay $1,500 to defendants

Shepps' attorney within 20 days of service of a copy of this order with notice of entry.

On December 25, 1999, plaintiff, the rear seat passenger in a vehicle owned and operated by defendants Olga and Melvin Shepps (Shepps), sustained serious injuries when that vehicle had a head-on collision with a vehicle owned and operated by Pedro and Andrea Anglero (Anglero), who are not parties to this appeal.

After her release from an extensive hospitalization for treatment of her injuries, plaintiff retained counsel to commence an action against all defendants. A summons and complaint was served on or about August 18, 2000. The Shepps defendants served their answer as well as various discovery demands on or about November 2, 2000. When these demands went unanswered, those defendants' counsel wrote a letter to plaintiff's counsel dated March 22, 2001, inquiring whether he intended to request a preliminary conference. This letter went unanswered, as did a letter in December 2001 from plaintiff to her counsel inquiring as to the status of her case.

On March 13, 2002, the Shepps defendants' counsel again wrote to plaintiff's counsel notifying him that if he did not indicate his intent to resume discovery within 60 days, a 90-day demand would be served pursuant to CPLR 3216. Once again, there was no response, and the 90-day demand was served on or about June 21, 2002.

Due to plaintiff's counsel's continued failure to prosecute the action, the Shepps defendants moved to dismiss the complaint on March 20, 2003. The IAS court granted the unopposed motion by order entered July 24, 2003.

New counsel for plaintiff was substituted on or about November 24, 2003 and, by order to show cause dated April 9, 2004, moved to vacate the court's dismissal of the action. No explanation for the four-month delay in bringing the motion to vacate the court's order of dismissal appears in the record. Plaintiff's affidavit in support of this motion stated that the default should be excused due to law office failure on the part of former counsel, that she did not intend to abandon the action, and that her case is meritorious and should be considered on the merits. The IAS court held that plaintiff did not provide a reasonable excuse for the delay in retaining substitute counsel when it became apparent that her case was not being advanced and denied the motion.

There is a strong preference in the law favoring the disposition of cases on their merits (*Marks v Vigo*, 303 AD2d 306, 306 [2003]). Although CPLR 3216 permits a court to dismiss an ac-

tion for want of prosecution after the defendant serves a written demand to resume prosecution of the action and file a note of issue within 90 days from the receipt of the demand, the IAS court improvidently exercised its discretion in denying plaintiff's motion to vacate the underlying default. Plaintiff, a rear seat passenger, sufficiently demonstrated the merits of her case in her affidavit, and the record indicates that both she and present counsel made repeated unsuccessful attempts to contact her former attorney, who never advised her that the action had been dismissed. Under the circumstances, former counsel's failure to take any action to move the case forward or to even respond to inquiries by plaintiff and present counsel showed a reasonable excuse for the default. The neglectful manner in which counsel handles a matter entrusted to him should not redound to plaintiff's detriment (*see Enax v New York Tel. Co.*, 280 AD2d 294, 295 [2001]; *Goldman v Cotter*, 10 AD3d 289, 291 [2004]). Concur—Friedman, J.P., Sullivan, Nardelli, Gonzalez and Sweeny, JJ.