Randolph Pryce et al., Appellants, v Montefiore Medical Center, Respondent. [981 NYS2d 67]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered October 18, 2012, which granted defendant's motion pursuant to CPLR 3216 to dismiss the complaint, and denied plaintiffs' cross motion seeking to extend their time to file a note of issue, unanimously affirmed, without costs.

To avoid dismissal for failure to prosecute, "CPLR 3216 (e) requires a showing of justifiable excuse and a meritorious cause of action when the party served with a 90-day notice 'fails to serve and file a note of issue within such ninety day period' " (*Grant v City of New York*, 17 AD3d 215, 216 [1st Dept 2005]).

We agree with the motion court's conclusion that the affidavit of merit submitted by plaintiffs' expert was facially insufficient to establish a meritorious cause of action. We also find that plaintiffs failed to demonstrate a justifiable excuse for their noncompliance.

Law office failure may constitute a reasonable excuse, particularly where there has not been a pattern of dilatory behavior (*see Polir Constr. v Etingin*, 297 AD2d 509 [1st Dept 2002]), or where the failures were caused by former counsel and substitute counsel has been obtained (*see Pagan v Estate of Anglero*, 22 AD3d 285 [1st Dept 2005]). However, where the claimed law office failure is " 'conclusory and unsubstanti-

ated,' " it cannot excuse default (*Galaxy Gen. Contr. Corp. v 2201 7th Ave. Realty LLC*, 95 AD3d 789, 790 [1st Dept 2012]).

Here, there has been a decade-long pattern of dilatory behavior. While much of the delay was caused by prior counsel, it is notable that the pattern continued for over a year under substitute counsel's watch. Counsel's excuse that other casework obligations and family matters kept him from timely prosecuting the matter can only be seen as conclusory and unsubstantiated. Notwithstanding his knowledge that the matter had already been dismissed once before on a failure to respond to a 90-day notice, counsel admitted that he decided not to respond to the notice, believing it wiser to attempt to commence settlement negotiations. Concur—Sweeny, J.P., Andrias, Moskowitz, DeGrasse and Gische, JJ.