Matter of TWU Counseling Ctr. Inc. v New York City Tax Commn. (2022 NY Slip Op 02379)

Matter of TWU Counseling Ctr. Inc. v New York City Tax Commn.

2022 NY Slip Op 02379

Decided on April 12, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 12, 2022

Before: Manzanet-Daniels, J.P., Kern, Gesmer, Oing, Rodriguez, JJ. 

Index No. 260058/18 Appeal No. 15673 Case No. 2019-04953 

[*1]In the Matter of TWU Counseling Center Inc., Petitioner-Appellant,
v
The New York City Tax Commission et al., Respondents-Respondents.

The Law Offices of Jonathan T.K. Cohen PC, New York (Jonathan T.K. Cohen of counsel), for appellant.
Georgia M. Pestana, Corporation Counsel, New York (Edan Burkett of counsel), for respondent.

Judgment, Supreme Court, Bronx County (James W. Hubert, J.), entered on or about October 11, 2019, granting respondents' motion to vacate a default judgment in petitioner's favor, and upon vacatur, dismissing the petition to annul the determination of respondent New York City Tax Commission dated December 7, 2017, which found that petitioner had not met its burden of proving that the principal use of petitioner's facility was for charitable purposes, and dismissing the proceeding brought pursuant to CPLR article 78, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion by vacating the judgment based on excusable default and the showing of a meritorious defense (see CPLR 2005; 5015[a][1]; Eugene Di Lorenzo, Inc. v A.C. Dutton Lbr. Co., 67 NY2d 138, 141 [1986]). Contrary to petitioner's contention, respondents' affiant had sufficient "knowledge of the facts" of the New York City Law Department's practices concerning review of cases brought against the Tax Commission, and provided specifics on the date the matter was opened and mistakenly closed in the case management system, to demonstrate law office failure (Figueroa v Luna, 281 AD2d 204, 205 [1st Dept 2001] [internal quotation marks omitted]; see Rockland Tr. Mix, Inc. v Rockland Enters., Inc., 28 AD3d 630, 630 [2d Dept 2006] [courts have "discretion to accept law office failure as a reasonable excuse"]). We share the motion court's concern about respondents' explanation for the default and the length of the delay in remedying it. Nevertheless, we do not find that respondents' failure to respond was "part of a pattern of persistent and willful inaction" (Imovegreen, LLC v Frantic, LLC, 139 AD3d 539, 540 [1st Dept 2016] [internal quotation marks omitted]; see Incorporated Vil. of Hempstead v Jablonsky, 283 AD2d 553, 554 [2d Dept 2001]). Nor do we find that the default was intentional, based on respondents' failure to seek vacatur before the judgment was entered, as the granting of the petition itself constituted entry of judgment (CPLR 7804[e]; see Melnick v Khoroushi, 57 AD3d 414, 414 [1st Dept 2008]). Accordingly, we find that, in context, respondents' default was excusable.
Respondents' demonstration of a meritorious defense also established that the final determination by the Tax Commission was rationally based on the evidence in the record, thus warranting dismissal of the petition (see CPLR 7803[3]; Matter of Pell v Board of Educ. 0f Union Free School Dist. No. 1 of Towns of Scarsdale & Mamaroneck, Westchester County, 34 NY2d 222, 231 [1974]). Petitioner's contract with the entity that planned to use petitioner's building, nonparty Neighborhood Housing Services of New York City, Inc. (NHS), showed that mortgage lending was a significant contemplated use of the property and NHS's tax return showed a large amount of assets in loans. Petitioner failed to present before the Tax Commission evidence to the contrary from anyone at NHS, and the use of NHS's other [*2]properties was not relevant to the use of petitioner's property (see Real Property Tax Law § 420-a[1][a]). Thus, it was rational for the Tax Commission to conclude that the principal or primary use of the building would be providing mortgage financing for new purchases or rehabilitation, at interest and secured by real property, with counseling being incidental to that use, and not for the asserted charitable and educational purposes (see Matter of Greater Jamaica Dev. Corp. v New York City Tax Commn., 25 NY3d 614, 623 [2015]; People ex rel. Provident Loan Socy. of N.Y. v Chambers, 196 Misc 367, 377-378 [Sup Ct, NY County 1949], revd 276 App Div 755 [1st Dept 1949], affd 301 NY 575 [1950]). The motion court properly disregarded the affidavit proffered to it by petitioner because it was not part of the administrative record (see Matter of Featherstone v Franco, 95 NY2d 550, 554 [2000]).
Contrary to petitioner's contention, petitioner was not prevented from rebutting respondent New York City Department of Finance's claims and evidence. Instead, the Tax Commission's review of petitioner's own proffered evidence resulted in the adverse finding complained of here (see Morgan v United States, 304 US 1, 18-19 [1938]; Matter of Hecht v Monaghan, 307 NY 461, 470 [1954]).
We have considered petitioner's remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 12, 2022