Rosario v General Behr Corp. (2023 NY Slip Op 03560)

Rosario v General Behr Corp.

2023 NY Slip Op 03560

Decided on June 29, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 29, 2023

Before: Kern, J.P., Moulton, Mendez, Shulman, Rodriguez, JJ. 

Index No. 24621-16E Appeal No. 597 Case No. 2021-01593 

[*1]Diana Rosario et al., Plaintiffs-Appellants,
v
General Behr Corp., et al., Defendants-Respondents.

Mischel & Horn, P.C., New York (Scott T. Horn of counsel), for appellants.

Order, Supreme Court, Bronx County (RubÉn Franco, J.), entered October 16, 2020, which denied plaintiff's motion to vacate an order following an inquest, unanimously reversed, on the law and in the exercise of discretion, without costs, the motion granted, and the matter remanded for further proceedings consistent with this decision.
Defendants in this personal injury action failed to appear in response to plaintiffs' complaint. As a result, plaintiffs obtained a default judgment against defendant General Behr Corp., and Supreme Court held an inquest at which the injured plaintiff testified about her injuries, treatment, medical bills, and lost wages. Although plaintiffs' counsel had timely subpoenaed the relevant medical records and those records were apparently delivered to the subpoenaed records room in the courthouse, they were not available at the inquest. Supreme Court therefore reserved decision to give plaintiffs time to submit evidence supporting their damages claim. After a period of more than one year in which plaintiffs' counsel failed to provide the requested information, Supreme Court issued an order dated July 15, 2020, denying the application for damages on the ground of failure of proof.
Supreme Court improvidently exercised its discretion in denying plaintiffs' motion to vacate the underlying default. Although we share the court's concern regarding the extended delay and the inattentiveness of plaintiffs' former counsel, counsel's neglect in pursuing his clients' action should not be permitted to redound to the clients' detriment (Pagan v Estate of Anglero, 22 AD3d 285, 287 [1st Dept 2005]). Counsel did not deny that he failed to respond to communications from the court, but explained that the delays were due to a problem in his firm's case management system, which did not provide reminders (see Matter of TWU Counseling Ctr., Inc. v New York City Tax Commn., 204 AD3d 483, 484 [1st Dept 2022]; Rosenblatt v New York City Tr. Auth., 122 AD3d 410, 410-411 [1st Dept 2014]). These circumstances present a type of law office failure for which the clients should not be penalized (see Gomez v Delacruz, 27 AD3d 219, 219 [1st Dept 2006]), particularly in light of the strong public policy preference for deciding cases on the merits (see Chevalier v 368 E. 148th St. Assoc., LLC, 80 AD3d 411, 413-414 [1st Dept 2011]). In addition, defendants defaulted and therefore will not be prejudiced (see id.).
In connection with the motion to vacate, plaintiffs submitted medical evidence in support of the injured plaintiff's claims, and that evidence should be considered on
remand in determining an appropriate award.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 29, 2023