| |
|---|
| **Wexler v City of New York** |
| 2024 NY Slip Op 31102(U) |
| April 2, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 161521/2023 |
| Judge: Arlene P. Bluth |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:    **HON. ARLENE P. BLUTH**      PART      14

*Justice*

-------------------------------------------------------------------------------X

LINNEA WEXLER, LINNEA WEXLER,

           Petitioner,

     - v -

THE CITY OF NEW YORK, NEW YORK CITY FAMILY
COURT, NEW YORK FAMILY COURT, BRONX FAMILY
COURT, COUNTY OF SUFFOLK, NEW YORK,
APPELLATE DIVISION OF THE SUPREME COURT OF
NEW YORK, FIRST DEPARTMENT, OFFICE OF
ATTORNEYS FOR CHILDREN, TOWN OF
SOUTHAMPTON, NEW YORK, SOUTHAMPTON TOWN
POLICE DEPARTMENT, SUFFOLK COUNTY DISTRICT
ATTORNEY'S OFFICE, SOUTHAMPTON TOWN JUSTICE
COURT, SOUTHAMPTON TOWN ATTORNEYS, NEW
YORK STATE COMMISSION ON JUDICIAL CONDUCT,
ATTORNEY GRIEVANCE COMMITTEE, FIRST JUDICIAL
DEPARTMENT, GIGI N. PARRIS, ASHLEY MULLIN,

           Respondents.

-------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 161521/2023 |
| MOTION DATE | |
| MOTION SEQ. NO. | 003 004 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 003) 52, 53, 54, 55, 56, 57, 58, 59, 60, 61, 62, 77, 78, 79, 80, 81, 82, 83, 84, 86, 87, 88, 89, 90

were read on this motion to/for           JUDGMENT - DEFAULT          .

The following e-filed documents, listed by NYSCEF document number (Motion 004) 70, 71, 72, 73, 74, 75, 76, 85, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 107

were read on this motion to/for                DISMISS             .

       Motion Sequence Numbers 003 and 004 are consolidated for disposition. Petitioner's

motion (MS003) for a default judgment against respondents Town of Southampton, New York,

Southampton Town Police Department, Southampton Town Justice Court and Southampton

Town Attorneys, (collectively, the "Southampton Respondents") is denied and these

respondents' cross-motion for leave to file a late response to the petition is granted. The

Southampton Respondents' motion (MS004) to dismiss is granted.

**161521/2023   WEXLER, LINNEA ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  003 004**

Page 1 of 5

1 of 5

**Background**

This Article 78 proceeding arises out of a Family Court dispute between petitioner and her former partner; petitioner insists that they were never married but that they share a daughter. She claims in that in March 2020, her former partner filed for a temporary order of protection based on false pretenses in order to remove the child from her. She observes that she is currently in the middle of litigation with her former partner over the custody of their daughter and insists that her former partner has access to tremendous resources through his law firm. Petitioner objects to various orders that, according to her, have resulted in her not being able to see her child (except for a few days) since March 1, 2023.

She makes numerous allegations against respondents that, basically, they have all condoned and reinforced the alleged fraud committed by her former partner on the courts. In addition to taking issue with many of the events in her custody litigation, petitioner also decries the state of Family Court in New York. She seeks, among many claims for relief, "a mistrial" of the Family Court case, at least $1 million from each of the respondents for various criminal acts, that the Family Court case be transferred to a different judge, and an order of protection against the judge and her court attorney. Petitioner insists that each of the many temporary orders of protection is illegal and violates the Family Court Act. She complains that sealed records were used in violation of the criminal code.

In motion sequence 003, petitioner seeks a default judgment against the Southampton Respondents. She observes that they were all served with the commencing papers on December 5, 2023 but they did not timely answer or otherwise appear. She demands that two attorneys for the Town of Southampton be referred for criminal prosecution and to the appropriate attorney grievance committee. Petitioner also seeks an award of at least $1 million in damages "for each

**161521/2023   WEXLER, LINNEA ET AL vs. THE CITY OF NEW YORK ET AL**
**Motion No.  003 004**

**Page 2 of 5**

2 of 5

[* 2]

and every violation of Article 78 by [the] Southampton Respondents" as well as at least $1 million in damages for *inter alia* being deprived of her parental rights and the criminal actions of the Southampton Respondents.

The Southampton Respondents cross-move for leave to serve a late response to the petition and make a separate motion (in MS004) to dismiss this proceeding. They explain that after receiving the commencing papers, they sent them to an insurance carrier. The Southampton Respondents observe that the insurance carrier denied coverage but the email expressing this position was not properly labeled and so they did not realize that the carrier had declined to provide a defense. They admit they were in default but insist that they quickly moved to appear in this proceeding.

In support of their motion to dismiss, the Southampton Respondents contend that petitioner's only allegations against them relate to their production of petitioner's arrest records in response to a so-ordered subpoena and that the arresting officer testified at a Family Court appearance.  They contend that the production of documents and the testimony from a witness (the arresting officer) pursuant to judicial subpoenas do not constitute the basis for a cognizable cause of action as they were simply following the subpoena. The Southampton Respondents also point out that they produced these records in August 2021 and so this portion of petitioner's claim is time-barred. They point out that petitioner's criminal case was not dismissed (and therefore not sealed) until April 2023, long after they responded to the document subpoena.  The Southampton Respondents question why petitioner did not move to quash these subpoenas.

Petitioner insists the Southampton Respondents turned over sealed records in violation of various criminal statutes and that they "illegally testified" during a custody hearing before

**161521/2023   WEXLER, LINNEA ET AL vs. THE CITY OF NEW YORK ET AL**                                      **Page 3 of 5**
  **Motion No.  003 004**

3 of 5

[* 3]

Family Court. Petitioner claims that she objected to the use of these sealed records at the custody trial and that her requests were denied.

**Discussion**

Preliminarily, the Court observes that petitioner cannot bring claims on behalf of her infant daughter as she does not have custody of her child (CPLR 1201). In fact, this proceeding appears to have arisen, largely, out of petitioner's claims that she was wrongfully deprived of the custody of her daughter during proceedings in Family Court.

The Court denies petitioner's motion for a default judgment. The Southampton Respondents cited a reasonable excuse for their failure to timely appear in this proceeding as the email they received from their insurance carrier that included the denial did not reference the denial in the body or subject line of the email (NYSCEF Doc. No. 81, ¶ 6). In any event, the Court must adhere to "the strong public policy preference for deciding cases on the merits" (*Rosario v General Behr Corp.*, 217 AD3d 641, 642, 192 NYS3d 122).

And, on the merits, the Court finds that petitioner failed to state a cognizable cause of action against the Southampton Respondents. That the Southampton Respondents turned over documents and sent a witness for a Family Court hearing pursuant to a so-ordered subpoena is not a basis for a cause of action. As they point out, petitioner should have sought to quash the subpoena; petitioner claims she raised objections at the Family Court appearance and her claims were denied.

Of course, that raises another fundamental issue with the instant proceeding. The proper method to raise objections to decisions in Family Court is to pursue an appeal of those determinations. It is not appropriate to directly sue these respondents and seek millions in damages based on dissatisfaction with the Family Court litigation. And the Court observes that

**161521/2023   WEXLER, LINNEA ET AL vs. THE CITY OF NEW YORK ET AL**            **Page 4 of 5**
     **Motion No.  003 004**

4 of 5

[* 4]

an issue arising out of that Family Court proceeding went up on appeal (*see e.g., Matthew P. v Linnea W.,* 197 AD3d 1070, 1070 [1st Dept 2021] [an appeal involving the custody case about which petitioner complains]).

As the Court stressed in the decision issued in motion sequence numbers 001 and 002, petitioner is clearly upset with the decisions issued in the aforementioned Family Court proceeding. But that apparent frustration is not a basis to sue nearly every entity and person involved with that dispute. The Southampton Respondents, at least on this record, merely complied with two subpoenas. That is not a basis for an Article 78 proceeding nor is it grounds to award petitioner millions of dollars in damages.

Accordingly, it is hereby

ORDERED that petitioner's motion (MS003) for a default judgment is denied and the cross-motion by respondents Town of Southampton, New York, Southampton Town Police Department, Southampton Town Justice Court and Southampton Town Attorneys for leave to file a belated response to the petition is granted; and it is further

ORDERED that the motion by respondents Town of Southampton, New York, Southampton Town Police Department, Southampton Town Justice Court and Southampton Town Attorneys to dismiss (MS004) the petition is granted; and it is further

ADJUDGED that the petition is denied in its entirety and this proceeding is dismissed without costs or disbursements.

| 4/2/2024 | | | ARLENE P. BLUTH, J.S.C. | |
|---|---|---|---|---|
| **DATE** | | | | |
| CHECK ONE: | X CASE DISPOSED | | NON-FINAL DISPOSITION | |
| | GRANTED | DENIED | GRANTED IN PART | X OTHER |
| APPLICATION: | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**161521/2023   WEXLER, LINNEA ET AL vs. THE CITY OF NEW YORK ET AL**                    **Page 5 of 5**
**Motion No.  003 004**

5 of 5