| **Mendez v Europa Gen. Contr. Corp.** |
|:---:|
| 2025 NY Slip Op 30518(U) |
| February 13, 2025 |
| Supreme Court, New York County |
| Docket Number: Index No. 155070/2022 |
| Judge: Mary V. Rosado |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. MARY V. ROSADO</u>      PART     **33M**

*Justice*

-----------------------------------------------------------------------X

HECTOR MENDEZ,

         Plaintiff,

- v -

EUROPA GENERAL CONTRACTING CORP., STELLAR
MANAGEMENT LTD, 3430 BWAY OWNER, LLC,MEL
MANAGEMENT CORP. DBA STELLAR MANAGEMENT

         Defendant.

-----------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 155070/2022 |
| MOTION DATE | 06/18/2024 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 67, 68, 69, 70, 72, 73, 74, 75, 76, 77, 78, 79, 80, 81, 82, 83, 84, 92, 93, 94, 95

were read on this motion to/for     VACATE/STRIKE - NOTE OF ISSUE/JURY
DEMAND/FROM TRIAL CALENDAR    .

Upon the foregoing documents, Plaintiff Hector Mendez's ("Plaintiff") motion to vacate the note of issue is granted. Defendant Europa General Contracting Corp.'s ("Europa") cross-motion seeking discovery sanctions or in the alternative compelling Plaintiff to produce certain discovery is granted in part and denied in part.

## I.    Background

Plaintiff, who was formerly employed as a superintendent of a building located at 556 West 140th Street, New York, New York, (the "Building") and managed by Defendant Stellar Management, Ltd. ("Stellar Management"), was allegedly injured while performing work on the roof of the Building. Plaintiff filed his Note of Issue on March 29, 2024 (NYSCEF Doc. 54). On the certificate of trial readiness, Plaintiff's counsel stated that despite filing the note of issue, there remained outstanding discovery related to Plaintiff's work cell phone and bank statements from Defendants Stellar Management and Europa. Four days before the note of issue was due, Plaintiff

submitted a letter, via NYSCEF[1], stating that Plaintiff only recently discovered he was in possession of his work telephone, which purportedly has texts and photographs related to the incident. However, Plaintiff allegedly cannot access the texts and photographs because only Stellar Management has the password to unlock the telephone. Plaintiff stated as a result he was not ready to file the note of issue – yet he proceeded to file the note of issue on March 29, 2024.

Meanwhile, Europa filed a motion for summary judgment on June 11, 2024.[2] A status conference was held on June 12, 2024, because Plaintiff requested guidance regarding the procedural status of the case. Defense counsel opposed any further discovery taking place because the note of issue and a motion for summary judgment had been filed, Plaintiff's request to vacate the note of issue was untimely, and because Plaintiff had been in possession of the work phone throughout litigation in contradiction of his prior sworn testimony. Unable to reach any sort of resolution, and given the fact intensive nature of the dispute, Plaintiff was directed to file the instant motion so each party could present their positions regarding this case's unique procedural posture.

## II. Discussion

As a preliminary matter, although Plaintiff's motion is untimely pursuant to 22 NYCRR § 202.21, the Court will entertain the motion as Plaintiff first attempted to resolve the issues without Court intervention, and then again attempted to resolve the issues at a conference with the Court prior to filing this motion. Moreover, Defendants have taken an obstructionist and gamesman-like approach to resolving this discovery dispute rather than cooperating with Plaintiff to retrieve the purported text messages and photographs from the work telephone, which if retrievable, may be dispositive of certain issues in this case. Further, the Court is mindful that there is a strong public

---

[1] Plaintiff did not contact the part-clerk regarding the impending note of issue deadline, nor did Plaintiff provide a hard copy of the letter to the Court.
[2] Defendants Stellar Management Ltd., 3430 Bway Owner, LLC, and Mel Management Corp. d/b/a Stellar Management filed their own motion for summary judgment on July 26, 2024 (NYSCEF Doc. 98).

**155070/2022   MENDEZ, HECTOR vs. EUROPA GENERAL CONTRACTING CORP. ET AL**          **Page 2 of 5**
**Motion No. 002**

policy in New York to have cases heard on the merits rather than decided on technicalities (*Rosario v General Behr Corp.*, 217 AD3d 641 [1st Dept 2023]).

The Court further finds that Plaintiff's failure to disclose the work telephone was not willful. Plaintiff, who allegedly had his left foot and all his right toes amputated because of the accident giving rise to this lawsuit, and who was evicted from his New York apartment and forced to relocate to South Carolina, swears in an affidavit that he did not realize he was in possession of his work cellphone until March of 2024, as it remained in an unpacked box. Plaintiff's counsel notified Defendants of the recently discovered telephone and Defendants have seemingly refused to cooperate in retrieving evidence from that telephone. Nor can Plaintiff's counsel be said to have waived this discovery as she noted it was outstanding when the note of issue was filed. Moreover, the case remains on the trial calendar and there is no imminent trial date. Under these circumstances, and because Plaintiff states the case is not trial ready and the note of issue was only filed to comply with this Court's order dated January 31, 2024 (NYSCEF Doc. 47), the Court grants Plaintiff's motion to vacate the note of issue (*see, e.g. Ruiz v Park Gramercy Owners Corp.*, 182 AD3d 471 [1st Dept 2020]). The parties shall begin immediately cooperating in good faith to retrieve the relevant texts and photographs from Plaintiff's work telephone. To the extent Plaintiff seeks bank statements, that request should come in the form of a formal demand for discovery and inspection, or a deficiency letter, as opposed to an informal request via e-mail.

Europa's cross-motion is granted in part and denied in part. To the extent Europa seeks an order compelling Plaintiff to produce his work telephone for inspection, and to resubmit for a deposition regarding the undisclosed contents produced from that work telephone, Europa's cross-motion is granted. Moreover, to the extent Europa seeks an order from this Court striking Plaintiff's e-mail request for bank statements, that relief is granted. An informal and imprecise

**155070/2022   MENDEZ, HECTOR vs. EUROPA GENERAL CONTRACTING CORP. ET AL**
**Motion No.  002**

**Page 3 of 5**

3 of 5

request for discovery and inspection via e-mail does not fall under one of the enumerated methods of obtaining disclosure pursuant to CPLR § 3102.

To the extent Europa seeks an order dismissing Plaintiff's Complaint or precluding him from offering into evidence from the work telephone, that motion is denied (*see Youwanes v Steinbrech*, 193 AD3d 492 [1st Dept 2021]). Here, the evidence shows Plaintiff, was evicted, moved multiple states, was learning to live with an amputated foot, and continued having toes amputated. Given these circumstances, the Court cannot conclusively find Plaintiff willfully failed to comply with his obligation to search for and produce the work telephone, which he believed was in Defendant's possession.

Accordingly, it is hereby,

ORDERED that the motion to vacate the note of issue is granted and the note of issue is vacated and the case is stricken from the trial calendar; and it is further

ORDERED that all further discovery in this matter shall be completed within 60 days from service of a copy of this order with notice of entry; and it is further

ORDERED that the parties are directed to immediately begin cooperating to obtain any relevant photographs and text messages from Plaintiff's work telephone to the extent possible; and it is further

ORDERED that Defendant Europa General Contracting Corp.'s cross-motion is granted in part and denied in part; and it is further

ORDERED that Defendant Europa General Contracting Corp.'s cross-motion is granted to the extent that Defendants are entitled to inspect and download relevant material from Plaintiff's work telephone and Defendants are entitled to a second deposition of Plaintiff regarding any relevant materials produced from Plaintiff's work-telephone; and it is further

**155070/2022  MENDEZ, HECTOR vs. EUROPA GENERAL CONTRACTING CORP. ET AL**
**Motion No.  002**

**Page 4 of 5**

4 of 5

ORDERED that Defendant Europa General Contracting Corp.'s cross-motion is granted to the extent that Plaintiff's informal e-mail request for bank statements is stricken; and it is further

ORDERED that the remainder of Defendant Europa General Contracting Corp.'s cross-motion is denied, and the parties shall appear for a conference in Room 442, 60 Centre Street, New York, New York on April 9, 2025 at 9:30 a.m.; and it is further

ORDERED that, within 15 days from the entry of this order, movant shall serve a copy of this order with notice of entry on all parties and upon the Clerk of the General Clerk's Office, who is hereby directed to strike the case from the trial calendar and make all required notations thereof in the records of the court; and it is further

ORDERED that, within 15 days from completion of discovery as hereinabove directed, the plaintiff shall cause the action to be placed upon the trial calendar by the filing of a new note of issue and certificate of readiness (for which no fee shall be imposed), to which shall be attached a copy of this order; and it is further

ORDERED that such upon the Clerk of the General Clerk's Office shall be made in accordance with the procedures set forth in the *Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases* (accessible at the "E-Filing" page on the court's website).

This constitutes the Decision and Order of the Court.

| 2/13/2025 | *Mary V Rosado JSC* |
|---|---|
| DATE | HON. MARY V. ROSADO, J.S.C. |

| CHECK ONE: | | CASE DISPOSED | | x | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|
| | | GRANTED | DENIED | x | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**155070/2022   MENDEZ, HECTOR vs. EUROPA GENERAL CONTRACTING CORP. ET AL**
**Motion No.  002**

Page 5 of 5

5 of 5